EMPIRE PRODUCE COMPANY and Another, Appellants, *v.* HARRY L. ALLEN, as Trustee in Bankruptcy of the AMERICAN RAILWAY BROTHERHOOD ASSOCIATION, INC., and Others, Defendants, Impleaded with TIMOTHY RING, as Administrator, etc., of MICHAEL RING, Deceased, Respondent.

Fourth Department, December 18, 1928.

*Harry K. Brown* [*John Griffin* of counsel], for the appellants.

*James O. Sebring*, for the respondent.

PER CURIAM. We may indulge in two assumptions as to the original judgment of March 30, 1925, under either of which the judgment appealed from must be reversed. Let us assume, *first*, that the original judgment dismissed the complaint upon the merits as to all defendants mentioned in its title, including defendant Ring, as administrator (respondent on the instant appeal), although there was no adjudication of costs in favor of this respondent. The judgment was not several and it did not direct a severing of the action. (Civ. Prac. Act, § 474.) Plaintiffs appealed " from the whole of said [original] judgment." Under this assumption, the contents of the answer of defendant Ring, as administrator, are immaterial on this appeal. In March, 1927, respondent entered a separate judgment in his own favor for $1,569 costs, resulting in this appeal.

There is no provision in our statutes or practice for an additional or supplementary judgment. No motion to amend the judgment of March 30, 1925, appears in the record. If the absence in the original judgment of a provision for costs in favor of defendant Ring, as administrator, was substantial, respondent's remedy was an appeal or a motion to vacate the judgment; if the omission was merely clerical, respondent should have moved to amend. (*Herpe* v. *Herpe*, 225 N. Y. 323.) The entry of another judgment was unauthorized.

If we assume that the original judgment did not include this respondent, we must then reverse. For this respondent (defendant Ring, as administrator) did not plead the Statute of Limitations in his answer, and the determination heretofore made in this case

in favor of defendants (*Granger & Co.* v. *Allen,* 214 App. Div. 367) was upon the sole ground that the Statute of Limitations applied; and defendant Ring, as administrator, did not plead that statute in his answer.

Therefore, the judgment appealed from should be reversed on the law, with costs.

All concur. Present — CLARK, SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment reversed on the law, with costs.