RAYMOND M. MARTIN et al., as Administrators of the Estate of PAUL J. MARTIN, Deceased, Appellants, *v.* TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK, Respondent.

First Department, April 6, 1945.

*Theodore Charnas* for appellants.

*Joseph G. De Vito* of counsel (*James Hall Prothero* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for respondent.

COHN, J.  The action was instituted to set aside the retirement from the public school system of the City of New York two months before his death of Paul Joseph Martin, a teacher, upon the claim that he was mentally incompetent at the time he elected to retire.

The allegations of the complaint are substantially as follows: The deceased had been appointed a public school teacher in

the city of New York in September, 1900, and had continued in active service up to November 13, 1939, a period of thirty-nine years. He was a member of the Teachers' Retirement Association, a contributor to the Annuity Savings Fund and as such eligible for retirement. The Administrative Code of the City of New York provides that upon the death of a contributor before retirement, there shall be paid to his estate or to such person as he shall have nominated in writing, his accumulated deductions plus an amount equal to the salary earnable by him during the six months immediately preceding his death, which in this case amounted to $16,275.28. In November, 1939, the deceased executed an application for voluntary retirement, electing to take as his pension from among several options available, maximum monthly allotments payable during his lifetime in the sum of $162.81 each. The application was made when the deceased was mentally incompetent. The deceased had been incompetent at all times from December, 1938, to January 4, 1940, the date of his death. Upon his purported voluntary retirement as of November 13, 1939, monthly payments were made to him, none of which he accepted. Plaintiffs duly qualified as administrators of his estate in September, 1940. Thereafter, on or about November 25, 1940, plaintiffs made application to the Teachers' Retirement Board demanding payment of the amount properly payable to his estate under the law, which request was rejected.

Plaintiffs demand judgment that the retirement option selected by the deceased be declared void and that the Teachers' Retirement Board of the City of New York be directed to pay to plaintiffs as administrators of the estate of Paul Joseph Martin the sum of $16,275.28 as if deceased had died without having retired from the public school system.

The Special Term in dismissing the complaint for insufficiency held that as the written application for retirement made by the alleged incompetent in November, 1939, was self-executory it " automatically removed him from the active list " and that plaintiffs, therefore, could not successfully maintain that the deceased was in active service at the time of his death entitling his personal representatives to change the retirement benefit voluntarily chosen by deceased.

Incompetent persons are wards of the court and it is incumbent upon the court to protect such persons and their property from their own disordered acts. (*Sporza* v. *German Savings Bank,* 192 N. Y. 8, 14.) This duty is not limited to instances in which a committee has been appointed, but it embraces all

cases where the fact of incompetency exists. (*Wurster* v. *Armfield*, 175 N. Y. 256, 262.).

A contract made with a person duly adjudged incompetent and for whom a committee has been appointed is absolutely void. (*Carter* v. *Beckwith et al.*, 128 N. Y. 312.) Bargains or contracts made by an incompetent person before such an adjudication and appointment are voidable. They may be set aside after his death by his proper legal representatives. This has long been the rule. (Bishop on Contracts [2d ed.], § 974; 1 Williston on Contracts [Rev. ed.], § 253; *Ingraham* v. *Baldwin*, 9 N. Y. 45, 48; *Blinn* v. *Schwarz*, 177 N. Y. 252; *Smith* v. *Ryan*, 191 N. Y. 452; *Finch* v. *Goldstein*, 245 N. Y. 300, 303; *McCarthy* v. *Bowling Green Storage & Van Co.*, 182 App. Div. 18, 21.) We think the rule is equally applicable to an act of retirement from the public school system by an incompetent, where his property rights are affected. If the application for retirement of deceased was made at a time when he was mentally incompetent, such act may not be regarded as voluntary.

Upon the facts alleged, plaintiffs, as the legal representatives of the deceased, are authorized to disaffirm the transactions between the deceased and the defendant. The complaint, we think, states a cause of action.

The order should accordingly be reversed, with twenty dollars costs and disbursements, and the motion denied, with leave to the defendant to answer within ten days after service of order on payment of said costs.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied, with leave to the defendant to answer within ten days after service of order on payment of said costs.