■ DOROTHY M. TAIT, Individually and on Behalf of All Others Similarly Situated, and as an Individual Member, and as Member of the Board of Directors of Lattingtown Harbor Property Owners Association, Inc., Respondent-Appellant, v. LATTINGTOWN HARBOR DEVELOPMENT CO., INC., Defendant, and LATTINGTOWN HARBOR PROPERTY OWNERS ASSOCIATION, INC., Appellant-Respondent.— In an action for a declaratory judgment defining the boundaries of certain beachfront land, in which final judgment was rendered in October, 1959, in favor of the plaintiff, after a nonjury trial, the parties cross appeal as follows from a subsequent judgment and from subsequent orders of the Supreme Court, Nassau County: the defendant Association appeals: (a) from an order and judgment, combined in one paper, dated August 31, 1960 (and entered September 6, 1960), granting plaintiff's motion for an award of counsel fees and expenses incurred by her in the prosecution of the action, fixing such fees and expenses at $3,000, and directing judgment and execution for that amount against the defendant Association; and (b) from so much of an order, dated August 31, 1960, as denies said defendant's motion for reargument. The plaintiff appeals: (a) from so much of said combined order and judgment as fixes at $3,000 the award to her of counsel fees and expenses, on the ground that such award is inadequate; and (b) from so much of said order, dated August 31, 1960, as denies her motion for reargument and for an increase in said award to $10,000. Order and judgment (one paper), dated August 31, 1960 and entered September 6, 1960, reversed, without costs, and plaintiff's motion for counsel fees and expenses denied, without prejudice to such other and further proceedings as plaintiff and her attorney may be advised, with respect to the enforcement of their respective claims for counsel fees and expenses in the prosecution of this action. Appeal by the defendant Association and appeal by the plaintiff from the order, dated August 31, 1960, insofar as it denies their respective motions for reargument, dismissed. An order denying reargument is not appealable. In this action the final judgment, which was entered in October, 1959, did not contain any reservation of jurisdiction to determine an application for counsel fees and expenses or to determine any application at the foot of the judgment. Hence, there was no authority for the making of the subsequent order and the additional judgment on August 31, 1960 (cf. *Empire Prod. Co.* v. *Allen,* 225 App. Div. 6). Nor did the trial court or the Special Term thereafter have the power to amend the final judgment in a matter of substance (cf. *Herpe* v. *Herpe,* 225 N. Y. 323; *Schenectady Trust Co.* v. *Emmons,* 290 N. Y. 225). Such result may not be accomplished indirectly by a motion, purportedly made in the action, after the court's judicial authority therein has been exhausted (cf. *Corr* v. *Hoffman,* 256 N. Y. 254, 268). We do not pass upon the merits. Plaintiff or her attorney may proceed with such

further actions or proceedings as they may be advised and which may be proper, in the prosecution of their respective claims for counsel fees and expenses. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.