■ Liza Baum, Appellant, v. Seymour Baum, Respondent.— In an uncontested action, the plaintiff wife (1) appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County, entered March 15, 1971, granting her a separation, as limited the awards of alimony, support for the parties' infant children and a counsel fee to $80 a week alimony, $40 a week for each child and $2,000 counsel fee, and referred her enforcement rights as to support and custody to the Family Court and (2) also appeals from an order of the same court, entered April 9, 1971, which was made on Special Term's "own initiative" and deleted the portions of the judgment that had awarded plaintiff alimony, support for the children and a counsel fee and had referred to the Family Court plaintiff's said enforcement rights. Order reversed, on the law, without costs, and deleted portions of the judgment reinstated. Judgment affirmed, insofar as appealed from, without costs. On July 1, 1970 this action was commenced by the service of the summons upon defendant in New Jersey. It is conceded that at that time defendant was a resident of New Jersey and that plaintiff was a resident of New York. Prior to the service of the summons, and on May 22, 1970, an order of sequestration was entered in the action. It appointed plaintiff receiver and authorized her to take possession of certain real property of defendant situated in Bronx and Richmond counties. The judgment of separation awarded plaintiff sole custody of the three infant children, $40 per week for each child and $80 per week for her own support and $2,000 for her counsel fee. Thereafter, the trial court made the order under review. It was made without notice to either party, recites that it was made "upon the court's own initiative" and directs that the judgment " is modified" by deleting therefrom the provisions granting plaintiff child support, alimony and counsel fees and the provision with reference to enforcement of the custody and support provisions in the Family Court. In a brief memorandum, the Special Term gave as its reason for the change the fact that no property of defendant had been seized prior to the

entry of the judgment and that therefore the court was without power to grant any monetary support to plaintiff. On this appeal defendant submitted a brief in which he contends that the property in Bronx and Richmond Counties had been conveyed by him to other parties prior to the commencement of the action. In our opinion, Special Term erred when it amended its judgment. "It [the trial court] cannot, by amendment, change the judgment in the matter of substance for error committed on the trial or in the decision, or limit the legal effect of it to meet some supposed equity subsequently called to its attention or subsequently arising. It cannot correct judicial errors either of commission or omission. Those errors are, under our system of procedure, to be corrected either by the vacating of the judgment or by an appeal" (*Herpe* v. *Herpe,* 225 N. Y. 323, 327). Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.