■ BETTY O. MUKA, Appellant, v THEORDORE G. STURGIS, as Superintendent of the Ithaca City School District, et al., Respondents.—Appeals from (1) a judgment of the Supreme Court at Special Term, entered December 11, 1974 in Tioga County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78 and (2) an order of the same court, entered January 17, 1975, which denied petitioner's motion to vacate the judgment of dismissal on the ground of allegedly newly discovered evidence, fraud, misrepresentation and other misconduct. Petitioner's application alleges, in substance, that respondent Sturgis, as Superintendent of Ithaca City School District, acted illegally in prohibiting the singing of Christmas carols with religious significance as a part of the official and mandated school activities and that the respondent board of education acted illegally in the adoption of the resolution on October 9, 1974 which provided that instructional materials and assembly program shall not be used to promote or encourage any views concerning religion or nonreligion and that no student shall be required to sing religious songs that are associated with religious observance. The entire resolution is set forth in the decision of Special Term and need not be repeated here. Respondents moved to dismiss the application on the grounds (1) the proceeding was unauthorized, (2) the court does not have jurisdiction to entertain the proceeding, (3) the petitioner did not have the legal capacity or standing to bring the proceeding and (4) the application does not state a cause of action. Petitioner moved for summary judgment. Special Term dismissed the application on the ground petitioner had no standing to bring the proceeding and that the court lacks jurisdiction to hear the matter because the petitioner demonstrated no infringement of a constitutional right. On this appeal petitioner claims the court erred in dismissing her application. We disagree. Petitioner's application and supporting papers are insufficient to demonstrate that respondents failed to perform a duty enjoined upon them by law or that respondents were proceeding without or in excess of jurisdiction (CPLR 7803). Respondents' actions as alleged have not violated any statute or constitutional right of petitioner, consequently she has no standing to maintain this proceeding (Matter of Oliver v Donovan, 32 AD2d 1036). The official policy of the respondent school board established by the resolution of October 9, 1974 with reference to religious activities in the school was carefully promulgated to satisfy the constitutional requirements of the First Amendment to the United States Constitution (Abington School Dist. v Schempp, 374 US 203; Engel v Vitale, 370 US 421). We express no opinion on the propriety of the last portion of the resolution of October 9, 1974 calling for a

report to the board on four subjects for future consideration and action by the board. Petitioner claims her infant daughter is a party to this proceeding and has standing to maintain it. The record does not show her infant daughter was ever made a party to this proceeding. A party can be added to a pending action or proceeding only on timely motion and an order of the court in which the action or proceeding is pending (CPLR 1003, 1012 and 1013; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.03). Special Term was correct in treating petitioner as the only petitioner in the proceeding. Petitioner's motion to vacate the judgment of dismissal has no merit. Her moving papers contain no facts which support her conclusion that the "court unlawfully and criminally obstructed her and violated her civil rights to due process simultaneously" and that there was "a secret illegal criminal arrangement and conspiracy with Attorney Bruno Colapietro from whom Judge Walter L. Terry takes his orders." Special Term committed no error in refusing to take evidence proffered by petitioner at the hearing of respondents' motion to dismiss and petitioner's motion for summary judgment. Petitioner misconstrues the thrust of CPLR 3212 (subd [b]). Motions are decided on the affidavits and other supporting proof served with the motion papers (CPLR 2214, subd [c]; *Jenkins v Warren,* 25 App Div 569). Judgment and order affirmed, with costs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.