OPINION OF THE COURT
David B. Saxe, J.
The principal issue that I must resolve in these two motions to dismiss consolidated for disposition in the context of commercial holdover proceedings is as follows: May a summary petition that is defective due to the fact that the named petitioner is not the legal record owner of the premises be amended to clarify the petitioner’s interest as the net lessee of the premises and if so, does a net lessee have standing to bring these proceedings?
I hold that the petition is amendable and that a net lessee of premises has standing to commence summary proceedings.
It appears that Century Realty is in fact not the fee owner of the premises but rather is the net lessee of the premises with an assignment of the prior leases and the rents. The petition states however that Century Realty is the owner of the premises. RPAPL 741 requires that a petitioner in a summary proceeding set out specifically its interest in the premises (see CCA rule 2900 [22 NYCRR *225 Part 2900]). 181 Broadway Associates appears to be the record owner of the premises. The petitioner does not dispute this and has made a cross motion requesting an order permitting it to amend the petition to correctly reflect the standing of the petitioner to maintain this proceeding. The petitioner’s position is correct. It is true that a summary proceeding is a creature of statute and there must be strict adherence to the statutory requirements (300 West Realty Co. v Wood, 69 Misc 2d 580). Failure to fully comply with the provisions of RPAPL 741 (subd 1) is a jurisdictional defect (Index Constr. Co. v City of New York, 103 Misc 2d 16). Nevertheless, an examination of the case law in this area discloses that courts have adopted a flexible approach to the issue of amendation and correction of pleadings in a summary proceeding (Jackson v New York City Housing Auth., 88 Misc 2d 121). The petition is therefore amended as requested.
Is the petition as amended, indicating that the petitioner is a net lessee of the premises, jurisdictionally defective? (RPAPL 721.) A net lessee is one, who in addition to rent obligations to the landlord, obligates itself to pay the expenses for various services such as water charges, taxes, etc., that are normally thought of as the obligations of the landlord. This is often the situation where the lease pertains to the entire premises. Section 223 of the Real Property Law clearly gives to a net lessee all the rights for the recovery of rents reserved to it.
Furthermore, RPAPL 721 (subd 10) permits “[t]he lessee of premises, entitled to possession” to maintain a summary proceeding. A net lessee is clearly covered within the ambit of this section. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 94.) The petition, as amended, is not jurisdictionally defective.
The issue relating to the status of the building as an interim multiple dwelling (see Multiple Dwelling Law, art 7-C) is reserved for trial.
The clerk is directed to notify both sides of the adjourned date, January 17, 1983.