■ John M. Ladden, Plaintiff, v Martin B. Cutrone et al., Defendants. (Action No. 1.) Veronica W. Lynch, Inc., Appellant, v Martin B. Cutrone et al., Respondents. (Action No. 2.) — Appeal, in action No. 2, from an order of the Supreme Court at Special Term (Viscardi, J.), entered April 23, 1982 in Schenectady County, which, *inter alia,* stayed enforcement of a judgment in plaintiff's favor, pending trial of any issues raised by an amended answer and further ordered that any relief obtained by defendant upon trial be considered an offset against said judgment. Plaintiff Veronica W. Lynch, Inc.'s motion for summary judgment in this action to recover a real estate broker's commission was granted, an order to this effect was entered March 12, 1980, and judgment in the amount of $5,665 was docketed March 19, 1980. Simultaneously with the filing of a notice of appeal, defendants moved on March 26, 1980 to reargue or, alternatively, for leave to serve an amended answer. By order entered July 2, 1981, Special Term denied reargument but granted defendants leave to replead their fourth affirmative defense in an amended answer. No appeal was taken from this order. After plaintiff filed an income execution on December 3, 1981, defendants moved by order to show cause on December 24, 1981 (Cerrito, J.), containing a temporary stay, for vacatur of the judgment. Special Term (Viscardi, J.), by order entered April 23, 1982, denied vacatur but stayed enforcement of the judgment, granted a trial preference, and further ordered that "any relief obtained following trial of the amended answer herein shall be a setoff against the amounts due under the original judgment" (*sic*). Plaintiff has appealed from this order. Plaintiff argues that Special Term lacked jurisdiction to limit or modify the substance of the summary judgment order entered March 12, 1980. Plaintiff points out that while the court denied vacatur of the previous order, the stay pending outcome of a trial on the amended answer effectively rendered a final order nonfinal. In our view, plaintiff misconstrues the nature of the order appealed from. We do not dispute the general proposition advanced by plaintiff that upon entry of a final judgment a Trial Judge retains no revisory or appellate jurisdiction to correct by amendment errors in substance affecting the judgment (*Herpe v Herpe,* 225 NY 323, 327; *Baum v Baum,* 40 AD2d 1000; but see Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5015 [1982-1983 supp], pp 363-364). Such errors must be corrected either by way of appeal or by vacatur of the judgment itself. But that is not the situation herein. In granting summary judgment, the court had recognized a possible affirmative defense of fraud in the inducement of the contract but determined that defendants' pleadings were insufficient to properly present the defense. By later allowing defendants to serve an amended answer, the court acknowledged that they should have their day in court on that issue. In effect, the court continued its jurisdiction over the lawsuit. To hold otherwise would render the authorized amendment meaningless. While the court might better have expressly vacated the judgment, plaintiff filed no appeal from the order entered July 2, 1981, accepted service of defendants' amended answer, did not move to strike defendant's Trial Term note of issue, and failed to serve a copy of the judgment on defendants. When plaintiffs filed an income execution four months later, defendants moved to vacate the judgment and the order appealed from was granted. Under these circumstances, the order of July 2, 1981 became the law of the case and may not now be reviewed by this court. Moreover, we find the court's order of April 23, 1982 to be a proper reconcilia-

tion of its previous orders. This is not an instance where the court had relinquished jurisdiction, but rather had anticipated further proceedings on the merits. In our view, the court retained inherent authority to conform the judgment to the decisions actually made (9 Carmody-Wait 2d, NY Prac, § 63:157, pp 92-93) as well as grant a stay pending resolution of the fraud issue (CPLR 2201, 5240; see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2201:9, p 7). Accordingly, the order should be affirmed. Order affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., and Weiss, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. One thing is clear and that is that the trial court refused to vacate its judgment but rather improperly attempted to limit its effect (*Herpe v Herpe*, 225 NY 323). That portion of the order of the trial court is void. In my view the interpretation the majority places on the order of the trial court is contrary to that court's order. It is improper to speculate, as the majority here does, as to what the trial court would have done if the court's attention was called to the fact that it could not limit the effect of its judgment. To conclude that it would have vacated the judgment is unwarranted. The order of Special Term should be reversed.