■ DAVID J. LAZARUS, Appellant, v LAURIE S. LAZARUS, Respondent. [659 NYS2d 59] —In an matrimonial action in which

the parties were divorced by a judgment dated December 20, 1994, the plaintiff former husband appeals from a subsequent judgment of the Supreme Court, Nassau County (Bucaria, J.), entered April 9, 1996, which, after a nonjury trial and upon the oral decision rendered January 29, 1996 (Robbins, J.), *inter alia,* equitably distributed the parties' marital property and awarded the defendant former wife exclusive occupancy of the marital residence.

Ordered that the judgment is modified, on the law and the facts, (1) by adding thereto a provision awarding the plaintiff the sum of $673 representing one-half of the tax refund of $1,346 paid to the defendant, and (2) by deleting from the fifth decretal paragraph, awarding the defendant certain personal property, the items represented by the following letter designations: (a)-(c); (g)-(h); (j)-(q); (gg); (jj)-(kk); (oo); (uu); (ww); (xx); (yy), and substituting therefor a provision awarding these items to the plaintiff; as so modified, the judgment is affirmed, with costs to the defendant.

The defendant and the plaintiff were married on August 8, 1976. They have two children, Matthew, born on March 2, 1982, and Melanie, born on October 7, 1984. The parties were divorced by judgment dated December 20, 1994. This judgment awarded the parties a divorce and determined the issues of custody, visitation, and child support. This judgment also stated that "unresolved financial issues" were to be the subject of a later hearing. At the conclusion of the hearing, at which both parties testified, the court rendered an oral decision, followed by a second judgment, which was entered on April 9, 1996. The plaintiff now appeals only from the judgment entered April 9, 1996.

The plaintiff argues that both the judgment dated December 20, 1994, which included a decree granting dissolution of marriage but failed to make an award of equitable distribution, and the judgment entered April 9, 1996, which included an award of equitable distribution but contained no decree granting dissolution of the marriage, are defective. The plaintiff relies on certain cases of the Appellate Division, Third Department, which have been interpreted as holding that "a divorce judgment which fails to make an award of equitable distribution is 'nonbinding, nonfinal, and without legal effect' " (*Busa v Busa,* 196 AD2d 267, 269, quoting *Garcia v Garcia,* 178 AD2d 683; *see also, Sullivan v Sullivan,* 174 AD2d 862). We disagree with this argument.

The procedural history of the present case is different in significant respects from those presented in *Busa, Garcia,* and

*Sullivan.* Here, the record includes a final judgment which is consistent with the prior interim judgment granting the parties a divorce. Between these two judgments, all of the properly presented legal and factual disputes between the parties have been resolved. The plaintiff has failed to demonstrate any right to a new trial based solely on the Supreme Court's bifurcation of the litigation (*cf., Costin v Costin,* 225 AD2d 575).

The plaintiff also argues that it was "blatantly unjust" for the judgment appealed from to provide that, upon the eventual sale of the marital residence, the proceeds are to be distributed equally, but only after crediting the defendant with certain payments made to reduce the balance of a home equity loan which, according to the judgment, are to be made by the plaintiff. We find, on the contrary, that the terms of the judgment provide that the credit for loan reduction is to inure to the benefit of the party who provides the funds used to make the loan reduction, that is, presumably, the plaintiff.

We modify the judgment to the extent indicated because we conclude (1) that the $1,346 refund received by the defendant as a result of a tax certiorari proceeding is subject to equitable distribution, and (2) that the 57 items of personal property designated in the fifth decretal paragraph of the judgment by the letters (a) through (eee) erroneously include 21 items which the defendant did not include on the list of the personal property which she requested be returned to her.

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.