■ Gianfranco Monacelli, Respondent, v Susan Farrington, Appellant. [658 NYS2d 623] —Order of the Appellate Term of the Supreme Court, First Department (Ostrau, P. J., McCooe and Freedman, JJ.), entered April 9, 1996, which affirmed a judgment, Civil Court, New York County (Arthur Birnbaum, J.), entered March 31, 1995, in a holdover proceed-

ing, awarding possession of the subject apartment to the landlord, unanimously affirmed, without costs. Order, same court, entered April 9, 1996, which reversed an order of the same Civil Court and Judge, entered April 27, 1995, denying the landlord's motion for attorneys' fees, and remanded for a hearing on the reasonable value thereof, unanimously affirmed, without costs.

Appellate Term correctly held that the "with prejudice" discontinuance of the 1979 holdover proceeding has no res judicata effect on the instant proceeding to recover the subject apartment for the use of the landlord's now adult daughter. We would add only that the stipulation settling the prior holdover proceeding merely gave the tenant a right to renewal leases in accordance with the Rent Stabilization Law, and not, as she would have it, a life estate in the subject apartment (see, Gleason v Tompkins, 84 Misc 2d 174, 177). Under the parties' last lease, the landlord is entitled to attorneys' fees as the prevailing party in the proceeding (Duell v Roberts, 232 AD2d 301). There was no impermissible splitting of the landlord's cause of action for attorneys' fees, which, while not raised in the original petition, was raised in the context of the holdover proceeding by way of a motion to amend the judgment of possession (cf., 930 Fifth Corp. v King, 42 NY2d 886). Concur—Sullivan, J. P., Rosenberger, Ellerin, Williams and Colabella, JJ.