■ BARCLAYS BANK OF NEW YORK, N. A., Respondent, v STRATHMORE FIVE REALTY CO., LTD., et al., Defendants, and HOWARD FULLER et al., Appellants. [666 NYS2d 205] —In an action to foreclose on a mortgage, the defendants Howard Fuller and Cole Hayes separately appeal from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated December 24, 1996, as granted that branch of the plaintiff's motion which was for leave to amend the judgment of foreclosure and sale nunc pro tunc to permit an adjudication of liability against each of them for any deficiency.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and that branch of the plaintiff's motion which was for leave to amend the judgment of foreclosure and sale nunc pro tunc to permit the adjudication of liability against the appellants for any deficiency is denied.

In the instant action to foreclose on a mortgage, the complaint named several defendants, including, *inter alia,* the mortgagor, Strathmore Five Realty Co., Ltd. (hereinafter Strathmore), and two individual guarantors, the appellants Howard Fuller and Cole Hayes. The complaint, in its prayer for relief, sought a deficiency judgment only against Strathmore. The Supreme Court subsequently signed a judgment of foreclosure and sale which provided for a deficiency judgment only against Strathmore. The sale of the mortgaged property resulted in a deficiency. Thereafter, the plaintiff moved, *inter alia,* for leave to amend the judgment of foreclosure and sale nunc pro tunc to permit an adjudication of liability against Fuller and Hayes for any deficiency. The Supreme Court granted that branch of the motion. We reverse.

Neither the complaint's prayer for relief nor the judgment of foreclosure of sale sought a deficiency judgment against the appellants. Accordingly, the appellants properly assumed that the plaintiff waived its right to seek a deficiency judgment against them, electing instead to be paid from the sale of the premises or, if any deficiency existed, by Strathmore. Under these circumstances, it would be inequitable and unjust to permit the amendment (*see generally, Folser v Brown,* 266 App Div 954; *Irving Trust Co. v Seltzer,* 265 App Div 696; CPLR 5019 [a]).

The three cases relied on by the Supreme Court in support of its holding allowing the amendment are distinguishable from the case at bar. Two of those cases involved mortgage foreclosure actions where the complaints' prayers for relief did seek deficiency judgments against the affected defendants (*see, Poughkeepsie Sav. Bank v Maplewood Land Dev. Co.,* 210 AD2d 606; *Security Pac. Mtge. & Real Estate Servs. v Herald Ctr.,* 731 F Supp 605, 609). In the third case, the amendment was to correct a minor error of draftmanship in the language of the judgment of foreclosure and sale (*see, The Pines At Setauket v Retirement Mgt. Group,* 223 AD2d 539). Mangano, P. J., Santucci, Joy and Lerner, JJ., concur.