OPINION OF THE COURT
Virginia E. Yancey, J.
During the trial on plaintiff wife Andrea M. Tworkowski’s cause of action for divorce, held on June 15, 1999, the wife’s counsel asked her a question about whether her husband Lawrence F. Tworkowski continuously lived with her at an address on Wyckoff Street in Brooklyn. The defendants objected to this question, arguing that CPLR 4519 does not allow the wife to testify about a personal transaction or communication between herself and her mentally ill husband. The wife countered with her argument that CPLR 4519 is not a valid objection to her proposed testimony for two reasons: she is not “a party or a person interested in the event” and her husband is not a mentally ill person such that the defendant coguardians are entitled to the evidentiary protection of CPLR 4519. The wife further argues that defendants’ failure to assert the disability of mental illness as an affirmative defense as required by CPLR 3018 (b) resulted in a waiver of this claim. The court requested that the parties submit memoranda of law in support of their respective positions; all memoranda had been served and filed by July 8, 1999.
CPLR 4519 creates testimonial protections for persons having a specified relationship to a deceased or mentally ill person. In its essence, CPLR 4519 requires that three elements be present before it is applicable: (1) Any person “interested in the event” may not testify in his or her own behalf against (2) certain protected persons with a specified relationship to a decedent or mentally ill person (3) involving a transaction or communication with the decedent or mentally ill person. The wife concedes that the question her counsel asked and those he proposed to ask would call for answers “involving a transaction or communication.” Thus the presence of the third element is not in dispute.
*1040 Among other members of a protected class, CPLR 4519 provides that the committee of a mentally ill person may invoke the benefits of the statute.* The wife argues' that CPLR 4519 does not apply because her husband is not a mentally ill person or, in the alternative, that a hearing should be held to determine whether he is mentally ill. On June 25, 1997, the husband’s parents were appointed coguardians of his person and property in a proceeding filed in Volusia County, Florida. The Honorable Leonard Scholnick, Justice of the Supreme Court, Kings County, granted an order appointing the husband’s parents coguardians of his property on October 28, 1997. They appear as his coguardians in this action for divorce.
“Committee” is not a term which has been interpreted strictly in decisions on the applicability of CPLR 4519. Courts have decided that the privilege may apply to the judicially appointed guardian ad litem of a person hospitalized for mental illness where a committee did not exist. (Matter of Musczak, 196 Misc 364 [Sur Ct, NY County 1949]; Matter of Harkavy, 184 Misc 742 [Sur Ct, NY County 1945].) In addition, Vincent C. Alexander notes that “[although expansion of the scope of CPLR 4519 probably should be resisted as a general matter, on this issue the purpose of the statute is surely served by a liberal reading of the term ‘committee.’ ” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4519:3, at 173.) The husband’s mental insufficiencies are well documented, including the significant impairment of his memory. The statute is designed to protect the interests of a person such as the husband and his coguardians and they are entitled to its benefit.
A party or a person is “interested in the event” if the witness “will either gain or lose by the direct legal operation and effect of the judgment, or * * * the record will be legal evidence for or against him in some other action. It must be a present, certain, and vested interest, and not an interest uncertain, remote or contingent.” (Laka v Krystek, 261 NY 126, 130 [1933].) The wife is not a party “interested in the event” because “the event” is a trial of her cause of action for constructive abandonment. The issue as to whether she is entitled to a judgment of divorce involves a question as to the status of the marriage. Only if grounds for divorce are established will the *1041 parties have a claim to an equitable distribution of marital property. Bifurcation of an action for divorce is permitted. (Lazarus v Lazarus, 240 AD2d 544 [2d Dept 1997].)
An analogy may be drawn between a trial on grounds in a matrimonial action and proceedings for paternity and support, which also are bifurcated. A proceeding for paternity concerns an issue of status although if paternity is established certain economic benefits may follow from entry of an order of filiation, such as entry of an order for child support. Although statutory amendments to the Family Court Act and later case law have eliminated the relevance of CPLR 4519 in paternity proceedings, this court finds the reasoning in People ex rel. Blake v Charger (76 Misc 2d 577 [Fam Ct, Queens County 1974]) to be persuasive. The defendants’ objection to the line of questioning initiated by the wife is overruled. CPLR 4519 does not apply to a grounds trial in a matrimonial action since the issue to be decided is only one of status, although the economic consequences which may flow from the decision as to the status of the marriage might be adjudicated in a later phase of the action. This ruling is made without prejudice to defendants’ right to raise an objection based on CPLR 4519 in a trial on equitable distribution, should such a trial occur. (See, Valinoti v Valinoti, 100 AD2d 904 [2d Dept 1984].)
The failure of defendants to assert the husband’s disability under CPLR 3018 (b) as an affirmative defense is not a bar to their reliance on CPLR 4519. CPLR 3018 (b) states that “[a] party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise * * * such as * * * infancy or other disability of the party defending.” The wife cannot plausibly claim that she is surprised by the defendants’ assertion of mental illness. Defendants have not waived their right to an objection based on CPLR 4519 even though the disability of mental illness was not claimed as an affirmative defense in their answer to the complaint.

 CPLR 4519 has not been amended to reflect the addition of article 81 to the Mental Hygiene Law. The statutory changes abolished the committee and instead enacted a provision for appointment of a “Guardian for Personal Needs [and/] or Property.” (Mental Hygiene Law art 81.)