◼ Robert H. Haggerty, Appellant, v Market Basket Enterprises, Inc., Respondent, et al., Defendants. [779 NYS2d 562]—

In an action, inter alia, to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated November 12, 2003, which denied his motion, in effect, to amend a judgment of the same court entered March 19, 1998, to substitute National Integrated Food Service Corporation for the corporate defendant Market Basket Enterprises, Inc., pursuant to CPLR 5019 (b).

Ordered that the order is affirmed, without costs or disbursements.

On March 19, 1998, a judgment in the principal sum of $36,370 was entered in favor of the plaintiff and against the defendants. However, the plaintiff subsequently moved, in effect, to amend the judgment, pursuant to CPLR 5019 (b), to substitute National Integrated Food Service Corporation for the corporate defendant Market Basket Enterprises, Inc., in order to reflect the corporate defendant's post-judgment name change.

CPLR 5019 (a) provides a court with discretion to cure mistakes, defects, and irregularities in judgments regarding ministerial matters which do not affect the substantial rights of the parties (*see Kiker v Nassau County*, 85 NY2d 879 [1995]). Here, the plaintiff did not seek to correct a ministerial mistake, defect, or irregularity in the judgment, but rather sought to change the judgment with respect to a substantive matter.

CPLR 5019 (b) provides, in pertinent part, that: "[w]hen a docketed judgment or the lien thereof is affected in any way by a subsequent order or judgment or retaxation of costs, the clerk of the court in which the judgment was entered shall make an appropriate entry on the docket of the judgment."

Contrary to the plaintiff's contention, CPLR 5019 (b) is inapplicable since the judgment at issue was not affected in any way by a subsequent order or judgment, or a retaxation of costs. As such, the Supreme Court did not err in denying the motion.

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Ritter, Cozier and Skelos, JJ., concur.