■ CLIFFORD ROTUNNO et al., Appellants, v GRUHILL CONSTRUCTION CORP., Respondent, et al., Defendant. [816 NYS2d 139]—

In an action to recover damages for breach of warranty, the plaintiffs appeal from an order of the County Court, Suffolk

County (Weber, J.), dated July 1, 2005, which granted the motion of the defendant Gruhill Construction Corp. purportedly pursuant to CPLR 5019 (a) to amend a judgment of the same court dated December 7, 2004, to award an attorney's fee to that defendant.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

"CPLR 5019 (a) provides a court with discretion to cure mistakes, defects, and irregularities in judgments regarding ministerial matters which do not affect the substantial rights of the parties" (*Haggerty v Market Basket Enters., Inc.*, 8 AD3d 618, 619 [2004]; *see Kiker v Nassau County*, 85 NY2d 879 [1995]). Accordingly, contrary to the County Court's conclusion, absent a reservation of jurisdiction to determine the substantive issue of an award of an attorney's fee, it lacked authority to grant the motion of the defendant Gruhill Construction Company (hereinafter Gruhill) (*see Tait v Lattingtown Harbor Dev. Co.*, 12 AD2d 966 [1961]; *La Vin v La Vin*, 279 App Div 872 [1952]; *Vailes v Marine Basin Co.*, 224 NYS2d 852 [1962]).

Gruhill's reliance upon the procedures customarily employed in summary proceedings to recover real property (*see* RPAPL art 7) is misplaced. A summary proceeding "is a creature of statute" (*Century Realty v Grass*, 117 Misc 2d 224, 225 [1982]). RPAPL article 7, for example, "represents the Legislature's attempt to balance the rights of landlords and tenants to provide for expeditious and fair procedures for the determination of disputes involving the possession of real property" (*Matter of Brusco v Braun*, 84 NY2d 674, 681 [1994]). Due to the expeditious nature and purpose of those special proceedings, a landlord's right to an award of an attorney's fee, when raised, is typically postponed until after a determination on the merits (*see AD 1619 Co. v VB Mgt.*, 259 AD2d 382 [1999]; *Monacelli v Farrington*, 240 AD2d 296 [1997]; *Dara Realty Assoc. v Schachter*, 2003 NY Slip Op 51150 [U] [2003]; *101 Maiden Lane Realty Co. LLC v Tran Han Ho*, 2002 NY Slip Op 50499 [U] [2002]). In any event, Gruhill did not assert a claim to an attorney's fee until after the entry of judgment dismissing the plaintiffs' action. Therefore, the plaintiffs properly assumed that Gruhill had waived its right to pursue that remedy (*see Barclays Bank of N.Y. v Strathmore Five Realty Co.*, 245 AD2d 406, 407 [1997]). Florio, J.P., Miller, Adams and Skelos, JJ., concur.