ROBERT CLAUS, Appellant, v PAMELA CLAUS, Respondent. [830 NYS2d 279]—

In a matrimonial action in which the parties were divorced by judgment dated October 26, 2004, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated February 8, 2006, as granted that branch of the defendant's motion which was to amend the judgment of divorce to award her credit for payments she made to reduce the principal balances of the first and second mortgages on the former marital residence, and (2) so much of an amended judgment of the same court entered May 10, 2006, as directed that the defendant "shall receive a credit for the reductions in the mortgage and home equity loans from the date of the commencement of the divorce action."

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the amended judgment is reversed insofar as appealed from, on the law, that branch of the motion which was to amend the judgment of divorce to award the defendant credit for payments she made to reduce the principal balances of the first and second mortgages on the former marital residence is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of the amended judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court erred in granting that branch of the defendant's motion, made approximately 10 months after the entry of the judgment of divorce, which was to amend the judgment of divorce to award her credit for payments she made to reduce the principal balances of the first and second mortgages on the former marital residence. The defendant did not request that relief at the trial, nor was the issue litigated by the parties (*see generally Rotunno v Gruhill Constr. Corp.*, 29 AD3d 772, 773 [2006]; *Barclays Bank of N.Y. v Strathmore Five Realty Co.*, 245 AD2d 406, 407 [1997]). Furthermore, the branch of the motion which was to amend the judgment of divorce was procedurally improper since amendment may only be used to correct a technical defect, mistake, or irregularity in a judgment or order (*see* CPLR 5019 [a]; *Kiker v Nassau County*, 85 NY2d 879, 881 [1995]), and it may not be employed to affect a substantial right of a party (*see Herpe v Herpe*, 225 NY 323, 327 [1919]; *Haggerty v Market Basket Enters., Inc.*, 8 AD3d 618, 619 [2004]; *Novak v Novak*, 299 AD2d 924, 925 [2002]; *Matter of Owens v Stuart*, 292 AD2d 677, 678-679 [2002]). Since the branch of the defendant's motion in question sought an award of additional, discretionary relief (*see generally Popelaski v Popelaski*, 22 AD3d 735, 738 [2005]; *Markopoulos v Markopoulos*, 274 AD2d 457, 459 [2000]; *Lazarus v Lazarus*, 240 AD2d 544, 546 [1997]), that branch of the motion was improperly granted (*see Vollbrecht v Vollbrecht*, 246 AD2d 793, 794 [1998]; *Baum v Baum*, 40 AD2d 1000, 1001 [1972]).

The defendant's remaining contentions are without merit. Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.