■ JERRY GREENSTEIN, Appellant, v LETA GREENSTEIN, Respondent. [884 NYS2d 458]—

In a matrimonial action in which the parties were divorced by judgment dated June 24, 2003, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated September 16, 2008, as granted that branch of the defendant's motion which was, in effect, to amend the judgment of divorce to award the defendant a right of first refusal to purchase the former marital residence, and (2) from an order of the same court dated December 2, 2008, which denied his motion for leave to reargue that branch of the defendant's motion.

Ordered that the appeal from the order dated December 2, 2008, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 16, 2008, is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was, in effect, to amend the judgment of divorce to award her a right of first refusal to purchase the former marital residence is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court erred in granting that branch of the defendant's motion, made approximately three years after the entry of the judgment of divorce, which was, in effect, to amend the judgment of divorce to award her a right of first refusal to purchase the former marital residence. The defendant had not requested that relief as part of equitable distribution, nor was the issue litigated by the parties, nor delineated in the decision after trial or judgment of divorce (*see Claus v Claus*, 37 AD3d 517, 518 [2007]; *Rotunno v Gruhill Constr. Corp.*, 29 AD3d 772, 773 [2006]; *Barclays Bank of N.Y. v Strathmore Five Realty Co.*, 245 AD2d 406, 407 [1997]).

While a motion to amend may be used to correct a technical defect, mistake, or irregularity in a judgment or order (*see* CPLR 5019 [a]; *Kiker v Nassau County*, 85 NY2d 879, 880-881 [1995]), it may not be employed to affect a substantial right of a party (*see Herpe v Herpe*, 225 NY 323, 327 [1919]; *Haggerty v Market Basket Enters., Inc.*, 8 AD3d 618, 619 [2004]; *Novak v Novak*, 299 AD2d 924, 925 [2002]; *Matter of Owens v Stuart*, 292 AD2d 677, 678-679 [2002]). Since that branch of the defendant's motion sought a substantive change in the terms and conditions for the sale of the former marital residence (*see Popelaski v*

*Popelaski*, 22 AD3d 735, 738 [2005]; *Markopoulos v Markopoulos*, 274 AD2d 457, 459 [2000]), it should have been denied (*see Vollbrecht v Vollbrecht*, 246 AD2d 793, 794 [1998]; *Kivat v Kivat*, 232 AD2d 530 [1996]; *Baum v Baum*, 40 AD2d 1000, 1001 [1972]). Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.