Felix Olivo, Appellant,
against
TruBlue-Huntington Station, Respondent. 




Felix Olivo, appellant pro se.
John A. Reno, Esq., for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Second District (James P. Flanagan, J.), dated January 16, 2019. The order denied plaintiff's motion to amend the judgment to add Jersen Louis Jean as a judgment debtor.




ORDERED that the order is affirmed, without costs.
In this small claims action against defendant, TruBlue-Huntington Station, plaintiff sought a "refund on defendant's defective work, labor and/or services," alleging damages of $3,800. A stipulation of settlement was subsequently entered into between the parties, signed by plaintiff and his attorney, defendant's attorney and Jersen Louis Jean on behalf of defendant, in the sum of $2,500. The stipulation provided, among other things, that, in the event of a default by defendant in the payment of $2,500 to plaintiff, plaintiff would be entitled to enter judgment. Defendant defaulted, and a judgment in the sum of $3,164.91 was entered on November 21, 2017 against defendant. In September 2018, plaintiff moved to "add Jersen Louis Jean owner of TruBlue of Huntington to the unsatisfied judgment." By order dated January 16, 2019, the court denied the motion.
CPLR 5019 (a) provides a court with discretion to cure mistakes, defects, and irregularities [*2]in judgments regarding ministerial matters which do not affect the substantial rights of the parties (see Kiker v Nassau County, 85 NY2d 879 [1995]; see also Haggerty v Market Basket Enters., Inc.,8 AD3d 618 [2004]; Cyriaque v Flatbush Classic Express Shipping Inc. Ltd., 2005 NY Slip Op 51165[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). Here, plaintiff did not seek to correct a ministerial mistake, defect, or irregularity in the judgment, but rather sought to change the judgment with respect to a substantive matter by adding Jersen Louis Jean as a defendant on the ground that he allegedly was the owner of defendant TruBlue-Huntington Station. While UDCA 1814 (d) permits the amendment of a small claims judgment entered against a business name, such as involved herein, to reflect the business's true name, here plaintiff's motion papers state that the "entity name" of TruBlue-Huntington Station is "US TOO KAM LLC," thereby asserting that US Too Kam, LLC is the owner of defendant, rather than Jersen Louis Jean, individually. Consequently, based upon plaintiff's own motion papers, his motion was properly denied.
We additionally note that this court does not consider evidence which is dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the order is affirmed.
TOLBERT, J.P., ADAMS and RUDERMAN, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2020