HSBC Bank USA, N.A. v Mair (2025 NY Slip Op 00954)

HSBC Bank USA, N.A. v Mair

2025 NY Slip Op 00954

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-07271
 (Index No. 26594/06)

[*1]HSBC Bank USA, National Association, etc., appellant,
v
Sharon Mair, et al., defendants.

LOGS Legal Group LLP, Rochester, NY (Virginia Grapensteter and Ellis M. Oster of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated June 18, 2019. The order denied the plaintiff's unopposed motion, inter alia, pursuant to CPLR 3025(b) for leave to add nonparty Norman Titus as a party defendant nunc pro tunc.
ORDERED that the order is affirmed, without costs or disbursements.
In September 2006, the plaintiff commenced this action against the defendant Sharon Mair, among others, to foreclose a mortgage encumbering certain real property located in Brooklyn. On December 22, 2009, the Supreme Court, inter alia, issued a judgment of foreclosure and sale in favor of the plaintiff and directed the sale of the property (hereinafter the 2009 judgment of foreclosure). In April 2019, the plaintiff moved, among other things, pursuant to CPLR 3025(b) for leave to add nonparty Norman Titus as a party defendant nunc pro tunc. According to the plaintiff, Titus was adjudicated the sole owner of the property prior to entry of the 2009 judgment of foreclosure. In an order dated June 18, 2019, the court denied the plaintiff's unopposed motion. The plaintiff appeals.
"A party can be added to a pending action or proceeding only on timely motion and an order of the court in which the action or proceeding is pending" (Muka v Sturgis , 53 AD2d 716, 717). Here, the plaintiff's motion was untimely, as a judgment of foreclosure and sale had been entered in the action. Contrary to the plaintiff's contention, the failure to add Titus as a necessary party was not a type of irregularity or error that warranted nunc pro tunc relief (see Barclays Bank of N.Y. v Strathmore Five Realty Co. , 245 AD2d 406).
Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion, inter alia, pursuant to CPLR 3025(b) for leave to add Titus as a party defendant nunc pro tunc (see Nationwide Assoc. v Brunne , 216 AD2d 547).
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court