■ AD 1619 COMPANY, Appellant, v VB MANAGEMENT, INC., Doing Business as BROADWAY COMPUTER VIDEO, Respondent. [687 NYS2d 127] —Order of the Appellate Term of the Supreme Court, First Department (Parness, P. J., and Freedman, J., concurring; McCooe, J., dissenting in part), entered March 31, 1998, which modified an order of Civil Court, New York County (Jose Padilla, Jr., J.), entered on or about July 7, 1997, to grant in part petitioner's previously denied application for an award of attorneys' fees and prejudgment interest, unanimously modified, on the law and the facts, to grant the application to the further extent of determining that petitioner did not waive its contractual entitlement to an award of attorneys' fees in either of the two subject consolidated commercial nonpayment proceedings, and to remand the matter to Civil Court for a hearing to determine the amount of reasonable attorneys' fees to be awarded in both proceedings, and otherwise affirmed, without costs.

The record does not establish that petitioner landlord intentionally relinquished its claim for attorneys' fees (*see, Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968), and respondent tenant can make no tenable claim that amendment of the first nonpayment petition to include a claim for attorneys' fees would be surprising or prejudicial, since respondent was aware of article 19 of the lease providing for the landlord's recovery of attorneys' fees if the landlord prevailed in litigation over nonpayment of rent, and, indeed, since the landlord's petition in the second of the two consolidated nonpayment proceedings expressly demanded such fees. Appellate Term properly concluded that petitioner landlord prevailed on its substantive nonpayment claim, particularly where, prior to trial, respondent tenant paid all of the outstanding arrears and abandoned its alleged defense of partial constructive eviction (*see, Excelsior 57th Corp. v Winters*, 227 AD2d 146, *lv denied* 1996 NY App Div LEXIS 9554 [App Div, 1st Dept, Sept. 17, 1996]), and that

rationale applies equally to the first proceeding. Concur—Ellerin, P. J., Lerner, Andrias and Saxe, JJ. [*See,* 175 Misc 2d 1021.]