OPINION OF THE COURT
Per Curiam.
Order dated January 31, 2000 modified by granting landlord’s application for attorneys’ fees and remanding the matter to the *262 Civil Court for a hearing to assess the reasonable attorneys’ fees incurred by landlord in this proceeding; as modified, order affirmed, without costs.
After 18 months of considerable litigation activity in this nonprimary residence proceeding, tenant voluntarily vacated the stabilized apartment premises. The record shows that two dismissal motions were brought on by tenant,* as well as motions by landlord to compel payment of interim use and occupancy and tenant’s appearance for deposition. Tenant vacated at or about the time his deposition had been scheduled pursuant to court order.
An attorneys’ fees award may be based on the “ultimate outcome of the controversy,” whether or not such outcome is on the merits (Elkins v Cinera Realty, 61 AD2d 828). Tenant’s determination not to contest the proceeding resulted in an “ultimate outcome” wholly favorable to the landlord, since it obtained the central relief sought, i.e., possession (see Nestor v McDowell, 81 NY2d 410, 416), by reason of tenant’s surrender during the pendency of the proceeding. Under these circumstances we conclude that landlord qualifies as a prevailing party entitled to recover the reasonable attorneys’ fees it incurred in prosecuting the holdover to a successful conclusion (see AD 1619 Co. v VB Mgt., 259 AD2d 382). Such fees are recoverable under paragraph 7 of the parties’ 1975 lease. Indeed, tenant had previously invoked this provision as a basis for attorneys’ fees when the proceeding was (erroneously) dismissed, and is estopped from taking a contrary position (Nestor v Britt, 270 AD2d 192).
We find no basis to increase landlord’s recovery for use and occupancy to an amount greater than that awarded in the Civil Court orders of August 30, 1999 and September 21, 1999. We note that no appeal was taken from those orders.
Parness, P. J., Gangel-Jacob and Suarez, JJ., concur.

 The petition was reinstated on a prior appeal to this Court (Soho Vil. Realty v Gaffney, NYLJ, July 13, 1999, at 26, col 1).