*367 OPINION OF THE COURT
Shlomo S. Hagler, J.
Claimant Barry Hodes commenced this small claims action against defendant Vermeer Owners Inc. to recover $1,066 from Vermeer for its “unauthorized removal of monies” in March 2006 from his bank account and reimbursement of his expended legal fees.
Trial
The trial was conducted on October 12, 2006. Claimant called Fred I. Remer and himself as witnesses. Defendant called Laura Mazur, Elizabeth Weiss, and Isolde Blum, all residents of Vermeer, and Oren Goldstein, employed as an account executive of the managing agent, Orsid Realty Corp., as witnesses.
Findings of Fact
Claimant and Remer are the long-term tenants and owners of shares allocated to cooperative apartment 15E located at 77 Seventh Avenue, New York, New York, via a proprietary lease dated April 1, 2005 between them and the defendant (defendant’s exhibit A). By an authorization agreement for direct deposits (credit authorization) dated March 11, 2004, claimant authorized defendant to initiate credit entries and to debit his account at a specified financial institution (defendant’s exhibit F). The purpose of this credit authorization was to electronically debit the claimant’s account to pay defendant the monthly rent or maintenance. Neither party expressly indicated that the credit authorization would be utilized to debit claimant’s account for payment of any legal fees. In February 2006, defendant billed claimant $1,066 for legal fees. By letter dated February 6, 2006 to Orsid, claimant requested that the legal fees be “removed before the March 1, [2006] billing cycle.” (Claimant’s exhibit 6.) Notwithstanding claimant’s written request, defendant electronically debited claimant’s account $1,066 in March 2006 for payment of the previously billed legal fees. When the defendant and the claimant’s financial institution failed to reverse the debit transaction, claimant instituted this action to recover the “unauthorized removal” of monies from his account.
Goldstein testified that claimant was billed $1,066 to reimburse defendant for its reasonable attorney’s fees that it incurred as a result of claimant’s alleged breach of the proprietary lease and house rules which prohibit him from interfering with the “rights, comfort or convenience of the other lessees.” *368 (Defendant’s exhibit A, proprietary lease 1i 21, house rules 11 4.) Goldstein then cited the general history of claimant’s alleged verbal abuse and threats to other residents of Vermeer. By letters dated June 25, 2004 and August 8, 2005, defendant’s counsel wrote to claimant advising him that defendant received several complaints “that you have been verbally abusive and threatening to residents, in both your tone and demeanor.” (Defendant’s exhibits B, C.) In response thereto, claimant wrote a letter to defendant, dated August 10, 2005, asking for the specific details of the alleged complaints. (Claimant’s exhibit 5.) Defendant acceded to claimant’s request by obtaining affidavits from three complainants, Blum, Mazur and Weiss, which specified the claimant’s alleged abusive verbal assaults of them while they listened or spoke on their cell phones. (Defendant’s exhibit E.)
Conclusions of Law
Burden of Proof in Small Claims Action
The burden of proof in this small claims action is on the claimant to come forward with evidence at trial so as to “do substantial justice between the parties according to the rules of substantive law.” (CCA 1804.) However, the trial may be conducted in an informal and simplified manner and the rules of evidence and pleading requirements are more relaxed than in a plenary Civil Court action (i.e., the court “shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence”). (Id.)
Federal Consumer Credit Protection Act
In 1978, Congress passed the federal Consumer Credit Protection Act (15 USC § 1693 et seq.) which governs the consumer use of debit cards and similar electronic fund transactions. The act defines the term “electronic fund transfer” as follows:
“[A]ny transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone.” (15 USC § 1693a “[A]ny transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone.” (15 USC § 1693a *369 [6] [emphasis added].)
The credit authorization clearly falls within the purview of the act. (Defendant’s exhibit F.)
It is uncontroverted that the credit authorization was utilized on a regular monthly basis to pay the rent or maintenance for the subject premises. In other words, the credit authorization was utilized by the parties as a “preauthorized electronic fund transfer” because it “authorized [payment] in advance to recur at substantially regular intervals [i.e., on a monthly basis].” (15 USC § 1653a [9].) Thus, the rights and obligations arising under the credit authorization are governed by 15 USC § 1693e as a “preauthorized transfer.” 15 USC § 1693e (b) states that the consumer must be given notice of debits which vary in amount prior to the transfer as follows:
“In the case of preauthorized transfers from a consumer’s account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Board [of Governors of the Federal Reserve System], of the amount to be transferred and the scheduled date of the transfer” (Emphasis added.)
The Board of Governors of the Federal Reserve System also promulgated a regulation under 12 CFR 205.10 (d) (1) which provides that either the designated payee or the financial institution must send the consumer notice that a transfer “will vary in amount from the previous transfer under the same authorization or from the preauthorized amount.” The designated payee under the credit authorization is Vermeer.
In this case, Hodes credibly testified that the parties contemplated the use of the credit authorization for the preauthorized payment of rent or maintenance on substantially regular monthly intervals. When Vermeer unilaterally withdrew $1,066 for payment of alleged legal fees in contravention of Hodes’ letter dated February 6, 2006 (claimant’s exhibit 6), defendant or the financial institution was required to provide claimant with reasonable advance notice of the amount to be transferred and the scheduled date of the transfer in compliance with 15 USC § 1693e and 12 CFR 205.10. Other than the defendant’s bill for legal fees which was not submitted into evidence, claimant did not receive any notice of the amount and the scheduled date of the transfer. The apparent purpose of this advance notice is to *370 protect the consumer from unauthorized, fraudulent or erroneous transfers, for which he or she may stop payment in accordance with the applicable laws and/or procedures established by the financial institution. Inasmuch as the claimant was not provided this crucial advance notice, he did not have sufficient time to stop payment of the unauthorized transfer. As such, claimant is entitled to a refund of $1,066 from the defendant as it constituted an unauthorized transfer pursuant to 15 USC § 1693e.
Reasonable Attorney’s Fees
It is well settled that a party may not recover attorney’s fees unless such an award is authorized by agreement (i.e., a lease) between the parties or by statute. (See Hooper Assoc. v AGS Computers, 74 NY2d 487 [1989].) If such an agreement or statutory authority exists, a party is only entitled to attorney’s fees if he or she prevails with respect to the central relief sought. (Solow v Wellner, 205 AD2d 339 [1st Dept 1994], affd 86 NY2d 582 [1995].)
In addition, a party may not be entitled to an award of reasonable attorney’s fees unless it obtains a judgment pursuant to the Court of Appeals’ pronouncement in Nestor v McDowell (81 NY2d 410 [1993]). In Nestor v McDowell (supra), the landlord commenced an ejectment action alleging, inter alia, that the tenants had breached the terms of their lease by installing a washing machine and attendant plumbing without consent of the landlord. After finding a breach of lease, the trial court granted the tenants an injunction to cure it pursuant to RPAPL 753 (4). No possessory judgment was granted by the trial court. The matter eventually came before the Court of Appeals principally on the question of whether the breach of RPAPL 753 (4) extended to an ejectment proceeding. The Court of Appeals said it did and that the trial court’s cure provision was appropriate. In addition, the Court of Appeals upheld the denial of attorney’s fees to the landlord stating as follows: “Ordinarily, only a prevailing party is entitled to attorney’s fees. Inasmuch as plaintiff has not prevailed with respect to the central relief sought, that is, a possessory judgment, we conclude that she is not entitled to attorney’s fees under the facts and circumstances of luhis case.” (Nestor, supra at 415-416 [emphasis added; citations omitted]; cf., AD 1619 Co. v VB Mgt., 259 AD2d 382 [1st Dept 1999].)
Finally, the “prevailing party” must present evidence as to the “reasonable value” of the attorney’s fees so as to prove the *371 precise amount of time spent in the litigation. (Net Realty Holding Trust v Braverman, NYLJ, Jan. 22, 1992, at 29, col 4 [App Term, 9th & 10th Jud Dists]; Duncan v Denny, NYLJ, Apr. 20, 1992, at 30, col 4 [App Term, 2d & 11th Jud Dists]; Handwerker v Rambert, NYLJ, May 12, 1992, at 28, col 2 [App Term, 2d & 11th Jud Dists].)
While this court need not decide the issue of the reasonableness of the attorney’s fees as the transfer was unauthorized, neither party presented sufficient evidence as to the reasonable value of their respective claims for attorney’s fees. Under the circumstances, no award of attorney’s fees is warranted to either party at this time. Of course, either party may commence an action or proceeding in the appropriate forum to seek an award of attorney’s fees, if it is warranted.
Conclusion
Accordingly, this court directs the clerk to enter a money judgment in favor of the claimant Barry Hodes and against the defendant Vermeer Owners Inc. in the sum of $1,066 with interest thereon from March 6, 2006, plus disbursements as authorized by law of this small claims action.