Grand Concourse Estates LLC, Petitioner-Landlord-Respondent, -
against
Djarga Ture and Bawaka Samura, Respondents-Tenants-Appellants.



Tenants appeal from an order of the Civil Court of the City of New York, Bronx County (Fidel E. Gomez, J.), entered October 18, 2018, which granted landlord's motion for attorneys' fees in a nonpayment summary proceeding and set the matter down for a hearing to determine the reasonable amount of attorneys' fees due landlord.




Per Curiam.
Order (Fidel E. Gomez, J.), entered October 18, 2018, affirmed, with $10 costs.
Civil Court properly directed a hearing to determine the reasonable attorneys' fees incurred by landlord in this commercial nonpayment proceeding. Landlord was the prevailing party in the litigation and the governing commercial lease agreement (paragraph 19) provided for the recovery of attorneys' fees in the event of tenants' default.
Contrary to tenants' claim, there was no impermissible splitting of the landlord's cause of action for attorneys' fees. Although legal fees were not specifically requested in the nonpayment petition, the request for fees was made in the context of the same proceeding by way of a motion after a merits determination had been made (see Monacelli v Farrington, 240 AD2d 296 [1997]; see also 815 Park Ave. Owners v Metzger, 250 AD2d 471 [1998]). Tenants were also on notice that such fees would be sought, in view of the attorneys' fees provision in the commercial lease and landlord's reservation of a right to legal fees in a prior stipulation of settlement in a separate nonpayment proceeding between the parties (see AD 1619 Co. v VB Mgt., 259 AD2d 382 [1999], lv dismissed 93 NY2d 1030 [1999]). Nor did landlord intentionally relinquish its right to an award of attorneys' fees, which arose only after the merits determination had been made (see AD 1619 Co. v VB Mgt., 259 AD2d at 382). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 17, 2019