EDJ Realty Inc. v Sodano (2022 NY Slip Op 50114(U))

[*1]

EDJ Realty Inc. v Sodano

2022 NY Slip Op 50114(U) [74 Misc 3d 129(A)]

Decided on February 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Silvera, JJ.

570143/17

EDJ Realty Inc.,
Petitioner-Landlord-Appellant,
against
Phyllis Sodano, Respondent-Tenant-Respondent, and Joseph Sodano,
a/k/a Joey Sodano, "John Doe" & "Jane Doe," Respondents.

Landlord, as limited by its briefs, appeals from so much of an order of the Civil Court of the
City of New York, Bronx County (Brenda S. Spears, J.), dated October 2, 2018, which dismissed
the holdover petition "without prejudice" to landlord's right to commence a plenary action for
attorneys' fees and other monetary relief, and an order (same court and Judge) dated February 19,
2019, which denied its motion for, inter alia, a money judgment for rent, use and occupancy, and
attorneys' fees.

Per Curiam.
Order (Brenda S. Spears, J.), dated February 19, 2019, reversed, with $10 costs, the petition
reinstated and the matter remanded to Civil Court for further proceedings, including a hearing to
determine the amount of use and occupancy and reasonable attorneys' fees due landlord. Appeal
from order (same court and Judge), dated October 2, 2018, dismissed, without costs, as
academic.
The February 19, 2019 order, which denied landlord's motion, in effect, to vacate or modify a
prior order which was not the result of a motion made on notice, is "subject to full appellate
review on the merits" (Lamot v. City of New York, 297 AD2d 527 [2002]). 
Tenant's voluntary vacatur during the pendency of the holdover proceeding did not deprive
the court of jurisdiction over the monetary claims contained in the petition, including use and
occupancy and attorneys' fees (see
Mauer-Bach Realty LLC v Gomez, 43 Misc 3d 141[A], 2014 NY Slip Op 50845[U]
[App Term, 1st Dept 2014]). In dismissing the monetary claims without prejudice to landlord's
commencement of a plenary action, Civil Court relied upon a vaguely described stipulation that
was never raised by the parties below (or on appeal), and is not in the record.
With respect to attorneys' fees, tenant's determination not to contest the merits of the
underlying holdover proceeding resulted in an ultimate outcome wholly favorable to landlord
since it obtained the central relief sought, i.e. possession, by reason of tenant's surrender of the
unregulated apartment (see Soho Vil. Realty v Gaffney, 188 Misc 2d 261 [App Term, 1st
Dept 2001]). In these circumstances, landlord qualifies as a prevailing party entitled to its
reasonable attorneys' fees under the lease agreement (see Stribula v Tisdale, 21 Misc 3d 137 [A], 2008 NY Slip Op.
52239[U] [App Term, 1st Dept 2008]). We make no determination with respect to the merits of
landlord's remaining claims.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: February 22, 2022