OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 After a jury trial in a wrongful death action brought by plaintiff, a verdict was rendered against defendant County of Nassau for $325,000. Judgment was entered on September 22, 1989, by the Nassau County Clerk for the sum awarded plaintiff plus interest from the date of death. The Clerk erroneously calculated interest at an annual rate of 9% instead of 6%, as required by General Municipal Law § 3-a (2). The interest was entered in a total dollar amount, $266,337.50, and the rate at which the interest had been calculated was not shown on the document. Apparently the error was not discovered by the County until November 1991. However, the judgment against the County had already been affirmed by the Appellate Division (175 AD2d 99), and the appeals process was over.
 

 The County then sought, by order to show cause, correction of the judgment pursuant to CPLR 2001 and 5019 (a), to
 
 *881
 
 reflect the statutory rate. Supreme Court denied the County’s motion and held that while the law was clear and unambiguous that the correct rate of interest was 6%, the court lacked power to make the correction. The Appellate Division reversed (204 AD2d 400) holding that the assessment of interest by the County Clerk had enlarged the scope of the judgment beyond that authorized by the verdict. Alternatively, the Court held that the error committed by the County Clerk was ministerial in nature and could be corrected by the court of original jurisdiction.
 

 We agree with the Appellate Division that a mistake made by a clerk in assessing the amount of interest on a judgment may be corrected by the court of original jurisdiction — even after the appeals process has been completed — where the rate of interest was not a matter of contention between the parties, was not determined by the court, and the proper rate was clearly directed by statute. CPLR 5019 (a) provides that "[a] judgment or order shall not be stayed, impaired or affected by any mistake, defect or irregularity in the papers or procedures in the action not affecting a substantial right of a party. A trial or an appellate court may require the mistake, defect or irregularity to be cured.” Thus, trial and appellate courts have the discretion to cure mistakes, defects and irregularities that do not affect substantial rights of parties.
 

 While the correct rate of interest to be applied to a verdict can constitute a substantive right of a party
 
 (see, e.g., Matter of City of New York [Roteeco Corp.],
 
 33 NY2d 970 [where rate of interest is litigated and determined by a Judge, any challenge to the interest rate must be made on direct appeal];
 
 Matter of McKenna v County of Nassau,
 
 61 NY2d 739, 741-742 [questions of law regarding interest rates must be raised on direct appeal]), no substantive right of the parties is affected by the rate of interest applied to the judgment here. The correct rate of interest was not contested by the parties; it was dictated by statute. Moreover, the trial court never decided what rate should be applied. Rather, the County Clerk erroneously applied the wrong rate due to a ministerial error. Indeed, plaintiff cannot show that his rights are affected when the right he is now claiming, a right to a 9% interest on his judgment, has never existed. Accordingly, the Appellate Division correctly determined that the trial court has the power to correct this ministerial error.
 

 Finally, we note that loches of a party making an application for relief under CPLR 5019 (a) may always be considered.
 
 *882
 
 In this case, however, plaintiff has made no showing of prejudice attributable to the delay of the County in seeking to correct this error.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs, in a memorandum.