OPINION OF THE COURT
Leonard B. Austin, J.
Defendants move to correct an error in the decision of this court dated November 15, 2004 with respect to damages and for *893 a stay of the proceedings to be held before Special Referee Frank Schellace pending the determination of the motion to correct the error.
Background
This action was brought seeking to recover damages arising from a breach of an escrow agreement.
83 Northport Corp. was a corporation organized to own commercial real property located at 83 Main Street, Northport, New York. 83 Northport entered into an escrow agreement pursuant to which it assigned to defendant ES.R.S. Realty Corp. (PSRS) the leases on the property. PSRS is a real estate management corporation of which Ramesh Sarva was the principal. The escrow agreement provided for PSRS to collect the rent and use the money to pay for the cost of asbestos remediation at the property, construction cost and to pay the interest on the first and second mortgages, the real property taxes, casualty and liability insurance premiums and all other lienable charges against the property. Any funds not used for these purposes were to be paid over to 83 Northport.
The shareholders of 83 Northport were Farrell M. Fleming, Edward W Glackin II, Brian Madden and Stephen Asch.
The principals of 83 Northport formed a New Jersey corporation, Kennedy Boulevard, Inc., to acquire commercial property on Kennedy Boulevard, Jersey City, New Jersey. Sarva helped arrange the financing for Kennedy Boulevard. As a condition of the financing, Kennedy Boulevard entered into an escrow agreement similar to the one for 83 Northport.
Although the rents on Kennedy Boulevard were supposed to be paid over to PSRS, the rents on Kennedy Boulevard were generally collected by Brian Madden, a principal, officer and director of 83 Northport and Kennedy Boulevard.
Madden did not use the rents collected on Kennedy Boulevard to pay its expenses. He used the money to pay his personal expenses or expenses on other properties he owned.
The rents on 83 Northport were sufficient to cover its expenses. The rents on Kennedy Boulevard were sufficient to pay its expenses had PSRS actually received the rent payments.
Ultimately, the shortfall in revenue resulted in Kennedy Boulevard being foreclosed. At some point prior to the foreclosure, Madden told Sarva and PSRS to use the excess funds in the 83 Northport account to pay the expenses of Kennedy Boulevard.
*894 Sarva further alleged that, upon Madden’s authority, Sarva loaned nearly $200,000 to Kennedy Boulevard which was to be repaid with interest at the rate of 14% per annum. If the loan could not be repaid from the income generated by Kennedy Boulevard, 83 Northport funds were to be used to repay this loan.
Sarva and PSRS continued to make payment on the subordinate mortgages on Kennedy Boulevard from 83 Northport funds even after Kennedy Boulevard had been foreclosed.
In 2000, Sarva and PSRS charged the entire surplus in the 83 Northport escrow account against the deficit in the Kennedy Boulevard escrow account. Since 83 Northport did not have any funds, PSRS stopped making the payments on the mortgages. The mortgagees foreclosed.
To stave off foreclosure, 83 Northport filed for bankruptcy. The Bankruptcy Court terminated the escrow agreement and directed Sarva and PSRS to turn over all postbankruptcy rents to the trustee. These funds were to be used by the trustee to pay all pre- and postbankruptcy arrears on the first mortgage. Ultimately, 83 Northport was sold in the bankruptcy proceedings and all of the mortgages on the property were satisfied.
The Bankruptcy Court entered an order by which Sarva and PSRS withdrew any claims against 83 Northport regarding payments made in connection with Kennedy Boulevard and 83 Northport withdrew its claims against Sarva and PSRS. These claims are the subject of this action.
By order dated November 15, 2004, this court granted defendants’ motion for summary judgment to the extent of dismissing the action brought by Fleming.
The court also granted 83 Northport’s cross motion for summary judgment on the issue of liability and dismissed defendants’ counterclaims. The court referred the matter to Special Referee Frank Schellace on December 15, 2004 to hear and determine all remaining issues on the calculation of its damages. The court further directed the county clerk to enter a judgment in favor of the plaintiff 83 Northport and against the defendants in the sum of $147,688.56 together with any additional damages as found by the Special Referee, interest from the date determined by the Special Referee and costs and disbursements as taxed by the clerk. (See, Fleming v Sarva, 5 Misc 3d 1017[A], 2004 NY Slip Op 51409[U] [Sup Ct, Nassau County 2004].)
*895 Before the hearing could be held before Special Referee Schellace, defendants appealed to the Appellate Division, Second Department. By order dated May 9, 2006, the Appellate Division affirmed for the reasons stated by this court. (See, Fleming v Sarva, 29 AD3d 626 [2d Dept 2006].)
Upon the affirmance, Special Referee Sehellace set the matter down for the hearing directed by this court. Special Referee Sehellace held the hearing on November 21, 2006. However, he has not yet issued his decision. By order to show cause dated November 27, 2006, the court stayed all further proceedings before the Special Referee pending the determination of defendants’ motion to correct the prior order.
Defendants assert the court erroneously awarded $147,688.56 as damages. Defendants assert the amount awarded as damages includes sums that the court should not have awarded to plaintiffs. Defendants assert damages should be set in the sum of $90,231.81.
Discussion
CPLR 5019 (a) grants the court the right to correct any mistake, defect or irregularity in the papers or proceedings not affecting a substantial right of a party. Clerical mistakes may be corrected; substantive ones may not. (Haig, Commercial Litigation in New York State Courts § 47:25 [4 West’s NY Prac Series].)
The court cannot increase or decrease the amount of damages where there has been no clerical error. (Minnesota Laundry Serv., Inc. v Mellon, 263 App Div 889 [2d Dept 1942], affd 289 NY 749 [1942]; Matter of Schlossberg v Schlossberg, 62 Misc 2d 699 [Fam Ct, NY County 1970]; see also, Bolger v Davis, 127 AD2d 979 [4th Dept 1987].)
To the extent that the court may have made an error in awarding damages, such an error is not a clerical error which the court can correct pursuant to CPLR 5019 (a).
If the court in its prior order misapprehended the facts relating to the amount of damages that should be awarded to 83 Northport, the appropriate remedy was to move to reargue pursuant to CPLR 2221 (d). A motion to reargue permits the court to correct an order rendered upon its misapprehending or overlooking facts. (See, CPLR 2221 [d] [2].)
A motion to reargue must be made within 30 days of the service of the order with notice of entry of the order from which reargument is sought. Although the precise date upon which *896 the order was served with notice of entry is not stated, defendant has appealed from the order which awarded damages to 83 Northport. A notice of appeal must be served within 30 days of service of an order with notice of entry. (CPLR 5513 [a].) Thus, the time for making a motion to reargue has expired.
If the defendants believed that the court miscalculated damages, the issue could have been addressed on appeal. The court has reviewed the record and briefs submitted by the parties in connection with defendants’ appeal from this court’s November 15, 2004 order. The only issue raised on appeal related to liability.
Accordingly, it is ordered that defendants’ motion for an order pursuant to CPLR 5019 (a) correcting this court’s order of November 15, 2004 to the extent that it awarded damages to the plaintiff 83 Northport Corp. in the sum of $147,688.56 is denied; and it is further ordered that the stay of proceedings before Special Referee Frank Schellace is hereby vacated; and it is further ordered that the County Clerk, Nassau County, is directed to enter judgment in favor of the plaintiff, 83 North-port Corp. and against the defendants in accordance with the order of this court dated November 15, 2004.