■ CHARLES A. PAGE, Appellant, v DEBORAH A. PAGE, Respondent. [834 NYS2d 764]—

Appeal from an order of the Supreme Court, Erie County (Erin M. Peradotto, J.), dated March 30, 2006. The order, insofar as appealed from, denied plaintiff's motion seeking, inter alia, to modify a qualified domestic relations order dated April 25, 2001.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed in the exercise of discretion and in the interest of justice without costs, that part of the motion seeking to amend the qualified domestic relations order is granted in part and that order is amended by providing that the numerator of the fraction used to calculate the retirement benefits shall be 183 months and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: The parties were divorced in 1999, and plaintiff moved, inter alia, to modify a qualified domestic relations order (QDRO) entered in 2001. Plaintiff objected to the provisions in the QDRO granting survivor benefits to defendant because the stipulation of settlement, which was incorporated but not merged in the judgment of divorce except with respect to maintenance, did not provide for those benefits. Plaintiff also objected to the provision in the QDRO that calculated his retirement benefits by using 198 months as the numerator of the fraction rather than the correct figure of 183 months. In responding to the motion, defendant admitted that the QDRO listed an incorrect number of months in calculating the retirement benefits, but she asserted that she was entitled to the survivor benefits. Supreme Court denied that part of plaintiff's motion seeking to amend the QDRO on the ground that plaintiff either consented to the QDRO or did not raise any objection at the time it was signed by the court and therefore was precluded from raising his present objections.

We conclude that the court improvidently exercised its discretion in denying that part of the motion to amend the QDRO to reflect the proper number of months in calculating plaintiff's retirement benefits. A court has the discretion to cure a mistake or defect in a judgment or an order that does not affect a substantial right of a party (*see* CPLR 5019 [a]; *Kiker v Nassau County*, 85 NY2d 879, 881 [1995]). A court also has the inherent power upon an application for sufficient reason, in the furtherance of justice, "to relieve from judgments taken through 'mistake, inadvertence, surprise or excusable neglect' " (*Ladd v Stevenson*, 112 NY 325, 332 [1889]). We agree with the parties that this was merely a ministerial error and thus that the court had the authority to amend the QDRO (*see Kiker*, 85 NY2d at 881). We further conclude that the court, in the furtherance of

justice, should have addressed the merits of plaintiff's contention that the QDRO improperly provided for survivor benefits (*see generally Ladd*, 112 NY at 332), and we therefore remit the matter to Supreme Court to determine that issue following a hearing, if necessary. Present—Martoche, J.P., Centra, Lunn and Green, JJ.