■ FRANKLIN BAHARESTANI, Respondent, v GEORGE BAHARESTANI et al., Appellants, et al., Defendant. [841 NYS2d 786]—In an action, inter alia, for the dissolution of partnerships, the defendants George Baharestani and Martin Baharestani appeal (1) from a decision of the Supreme Court, Queens County (Agate, J.), dated September 25, 2006, and (2), as limited by their brief, from so much of an order of the same court dated December 20, 2006, as (a), upon granting that branch of the plaintiff's motion which was to extend the power of the previously appointed receiver to appoint a forensic accountant, authorized the appointment of such accountant to be made at their expense, and (b) denied their cross motion to direct the receiver to distribute certain partnership funds.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The record indicates that it was the Supreme Court's intent to grant the entire branch of the plaintiff's motion which was to authorize the appointment of a forensic accountant, including the request made in the plaintiff's motion papers that the appellants bear the cost of the accountant's services. Thus, regardless of the precise wording of the court's memorandum decision, the provision requiring the appellants to bear the cost of the ac-

counting services was properly included in the order subsequently entered by the court (*cf. Di Prospero v Ford Motor Co.,* 105 AD2d 479 [1984]).

Contrary to the appellants' contention, the prior order appointing a receiver in this case did not require the receiver to make the distribution of partnership funds sought by the appellants in their cross motion, but merely provided that one of the receiver's duties was to make "any and all" partnership distributions. Thus, in denying the appellants' cross motion, the Supreme Court did not improperly disregard the prior order. Prudenti, P.J., Santucci, Fisher and Angiolillo, JJ., concur.