■ MOUNT SINAI HOSPITAL, as Assignee of Anthony Benjamin, et al., Appellants, v COUNTRY WIDE INSURANCE COMPANY, Respondent. [916 NYS2d 228]—

In an action to recover no-fault medical payments under two insurance contracts, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Galasso, J.), entered March 19, 2010, which granted the defendant's motion pursuant to CPLR 5019 (a) to modify the amount of a judgment entered January 14, 2010, which, upon an order of the same court entered December 28, 2009, among other things, granting that branch of their motion which was for summary judgment on the first cause of action, awarded the plaintiff Mount Sinai Hospital, as assignee of Anthony Benjamin, the sum of $25,327.50.

Ordered that the order entered March 19, 2010, is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 5019 (a) to modify the judgment is denied.

The plaintiffs moved, inter alia, for summary judgment on the first cause of action asserted by the plaintiff Mount Sinai Hospital, as assignee of Anthony Benjamin (hereinafter the hospital), to recover no-fault medical payments from the defendant Country Wide Insurance Company (hereinafter the insurer) under an insurance contract. The insurer cross-moved, inter alia, for summary judgment dismissing that cause of ac-

tion. The Supreme Court, among other things, granted that branch of the plaintiffs' motion which was for summary judgment on the first cause of action, denied that branch of the insurer's cross motion which was for summary judgment dismissing the first cause of action, and awarded judgment to the hospital against the insurer in the sum of $14,105.50, plus statutory interest and attorney's fees pursuant to 11 NYCRR 65-4.6. The hospital then entered judgment against the insurer in satisfaction of that claim in the total sum of $25,327.50. The judgment consisted of benefits due the hospital for services rendered in the sum of $14,105.50, interest in the sum of $9,772, an attorney's fee in the sum of $850, and costs and disbursements in the sum of $600.

Thereafter, the insurer moved pursuant to CPLR 5019 (a) to modify the amount of the judgment, belatedly asserting that the judgment exceeded the coverage limit of the subject policy due to payments previously made under the policy to other health care providers. The Supreme Court granted the insurer's motion, and ordered a hearing to determine the amount remaining on the policy. The plaintiffs appeal.

CPLR 5019 (a) provides a court with the discretion to correct a technical defect or a ministerial error, and may not be employed as a vehicle to alter the substantive rights of a party (*see Kiker v Nassau County*, 85 NY2d 879, 880-881 [1995]; *Herpe v Herpe*, 225 NY 323, 327 [1919]; *Rotunno v Gruhill Constr. Corp.*, 29 AD3d 772, 773 [2006]; *Haggerty v Market Basket Enters., Inc.*, 8 AD3d 618, 618-619 [2004]; *Novak v Novak*, 299 AD2d 924, 925 [2002]; *Tait v Lattingtown Harbor Dev. Co.*, 12 AD2d 966, 967 [1961]; *see also Minnesota Laundry Serv., Inc. v Mellon*, 263 App Div 889, 890 [1942], *affd* 289 NY 749 [1942]; *Fleming v Sarva*, 15 Misc 3d 892, 895 [2007]; *Matter of Schlossberg v Schlossberg*, 62 Misc 2d 699, 701 [1970]). Here, in seeking to modify the amount of the judgment on the ground that the policy limits were nearly exhausted, the insurer was not seeking to correct a mere clerical error. Rather, it sought to change the judgment with respect to a substantive matter. As such, CPLR 5019 (a) was not the proper procedural mechanism by which to seek such modification. Although the hospital raises this issue for the first time on appeal, we may review the issue because it presents a question of law which could not have been avoided if brought to the Supreme Court's attention at the proper juncture (*see Gutierrez v State of New York*, 58 AD3d 805, 807 [2009]; *Dugan v Crown Broadway, LLC*, 33 AD3d 656, 656 [2006]; *Buywise Holding, LLC v Harris*, 31 AD3d 681, 682 [2006]).

In view of the foregoing, we need not reach the plaintiffs' remaining contentions. Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.