■ KEN JOHNSON et al., Respondents, v SOCIETE GENERALE S.A., Appellant. [943 NYS2d 74]—

Amended judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered June 15, 2011, deleting the words "with prejudice" from a prior judgment, pursuant to an order, same court and Justice, entered May 9, 2011, which granted plaintiffs' motion to correct the prior judgment pursuant to CPLR 5019 (a), reversed, on the law, without costs, the amended judgment vacated and plaintiffs' motion denied. The Clerk is directed to reinstate the prior judgment.

Plaintiffs were entitled to payment of notes and warrants, purchased from Societe Generale Acceptance N.V. (Acceptance), if the value of certain underlying investment funds at maturity was higher than the funds value at inception. Defendant Societe Generale S.A. (SGSA) provided a guarantee for the punctual payment of any amounts due plaintiffs from Acceptance.

In August 2008, plaintiffs filed a complaint against SGSA and others alleging that the investments had been mismanaged and that SGSA, as guarantor, was obligated to pay plaintiffs the amount that would have been due in the absence of the mismanagement. After SGSA moved to dismiss the complaint with prejudice, plaintiff filed an amended complaint, which asserted essentially the same theory of liability as the original complaint, but named only SGSA as defendant.

In November, 2008, SGSA moved to dismiss the amended complaint, with prejudice. On January 12, 2010, Judicial Hearing Officer Ira Gammerman granted SGSA's motion "to the extent that the complaint is dismissed for failure to state a cause of action." The court found that the "clear language" of the guarantee obligated SGSA to make payments only where Acceptance was obliged to make payments, but failed to do so, and that there had been no determination that the funds were not profitable due to Acceptance's mismanagement. The court rejected defendant's statute of limitations argument and did not reach its forum non conveniens argument.

On March 4, 2010, the Clerk signed and entered a judgment, drafted by defense counsel, which dismissed the amended complaint "with prejudice and without costs or disbursements." Plaintiff appealed from the judgment and on January 27, 2011, this Court unanimously affirmed, stating: "Plaintiff investors' factual allegations failed to support a claim that they were entitled to legal recourse against defendant guarantor based on

its guaranty of the nonparty debtor's alleged payment obligations owed to plaintiffs. The amended complaint essentially acknowledges that there is no definitive sum owed plaintiffs by the debtor, and that a trial on plaintiffs' claims against the debtor would be necessary to determine such sum, if any. Plaintiffs' 'belie[f]' that the debtor might owe them $1,000,000 in payments on their investments is entirely speculative and unsupported. Accordingly, *no obligation can be said to have accrued against the guarantor here*" (80 AD3d 530 [2011] [citations omitted]).

On February 22, 2011, plaintiffs moved to correct the judgment, pursuant to CPLR 5019 (a), by striking the phrase "with prejudice," or, in the alternative, to modify and/or vacate the judgment, pursuant to CPLR 2221 and 5015, to conform to the trial court's January 12, 2010 order granting the motion to dismiss. Prior to the motion, plaintiffs did not challenge the judgment insofar as it provided for dismissal with prejudice—either in the trial court or on their appeal from the order that dismissed the amended complaint.

The motion court, which succeeded Judicial Hearing Officer Gammerman, granted the motion to resettle. Observing that "there is nothing in Judge Gammerman's decision that says or that indicates that the plaintiffs' claims were to be dismissed with prejudice," the court found that inclusion of the phrase "with prejudice" was "an administerial act" by the clerk, which the court did not review before entry. We now reverse.

Under CPLR 5019 (a), a trial court has the discretion to correct a judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party (*see Kiker v Nassau County*, 85 NY2d 879, 881 [1995]). Where the alleged error is substantive, other than one that is clearly inconsistent with the intentions of the court and the parties as demonstrated by the record, relief should be obtained either through an appeal from the judgment, or, if grounds for vacatur exist, through a motion to vacate pursuant to CPLR 5015 (a) (*see Salamone v Wincaf Props.*, 9 AD3d 127, 133-134 [2004], *lv dismissed* 4 NY3d 794 [2005], *abrogated on other grounds by Frank v Meadowlakes Dev. Corp.*, 6 NY3d 687 [2006]).

Here, "[t]he court was without authority to resettle the judgment by deleting the words 'with prejudice' since that revision changed the judgment 'in a matter of substance' " (*Roth v South Nassau Communities Hosp.*, 239 AD2d 331, 332 [1997]; *see also Dependable Printed Circuit Corp. v Mnemotron Corp.*, 22 AD2d 911 [1964] ["In our opinion, the resettlement herein (striking the phrase 'with prejudice' and substituting the phrase 'without

prejudice') changed the judgment in a matter of substance, and the Special Term had no revisory power over the judgment to effect such a change"]). Further, plaintiffs waived their claim that the phrase "with prejudice" should have been deleted from the judgment by not raising the substantive issue in the prior appeal (*see Harbas v Gilmore*, 214 AD2d 440, 441 [1995], *lv dismissed* 87 NY2d 861 [1995] [rejecting the argument that the court should have amended the order so as to delete the phrase "with prejudice," after that order had been affirmed on appeal, on the ground that such a change would involve a matter of substance beyond the court's inherent power of control over its judgments]).

*Kiker v Nassau County* (85 NY2d 879 [1995], *supra*), is inapposite. In *Kiker*, the Court of Appeals held that a clerk's mistake in computing interest on a judgment could be remedied pursuant to CPLR 5019, even though direct appeal of the judgment was complete. However, the Court found that no substantive right of the parties was affected by the rate of interest because "[t]he correct rate of interest was not contested by the parties; it was dictated by statute. Moreover, the trial court never decided what rate should be applied. Rather, the County Clerk erroneously applied the wrong rate due to a ministerial error. Indeed, plaintiff cannot show that his rights are affected when the right he is now claiming, a right to a 9% interest on his judgment, has never existed" (*id*. at 881).

Unlike the correct interest rate, the determination of whether to dismiss the complaint with or without prejudice is not mandated by statute, and it cannot be said that the insertion of the words "with prejudice" in the original judgment was clearly inconsistent with the intention of the court as demonstrated by the record. The court addressed the substance of plaintiff's claims and found that "plaintiffs cannot demonstrate that Acceptance was obligated to make a payment to them upon maturity of the funds. Therefore, plaintiffs also cannot demonstrate that [SGSA], as guarantor, is obligated to make a payment to plaintiffs." Based on this finding, in its decretal paragraphs, the court stated:

"Accordingly, it is ORDERED that defendant's motion to dismiss the amended complaint is granted and the amended complaint is dismissed, and it is further

"ORDERED that the Clerk is directed to enter judgment accordingly."

Defendant's motion was to dismiss the amended complaint with prejudice and the corresponding judgment dismissing the amended complaint with prejudice cannot be deemed the result

of a clerical error. In this regard, we note that the court was under the mistaken impression that a "with prejudice" dismissal had not been requested by defendant. Concur—Mazzarelli, J.P., Friedman and Freedman, JJ.

Andrias and Catterson, JJ., dissent in a memorandum by Catterson, J., as follows: In my view, a trial court has discretion to amend a judgment to cure mistakes, defects and irregularities that do not affect substantial rights of parties (see CPLR 5019 [a]), or to make it reflect what the court's original order intended (see Matter of Owens v Stuart, 292 AD2d 677, 678 [3d Dept 2002]). While the defendant moved to dismiss with prejudice, the court's order dismissing the complaint did not state that the dismissal was with prejudice. Rather, the phrase was included for the first time in a judgment signed and entered by the County Clerk, which was prepared by the defendant's attorneys, and which was not submitted to the court for review prior to entry.

The determination of whether a judgment is with or without prejudice can affect the substantial rights of the parties when it reflects the discretionary determination of a judge. However, where, as here, the evidence supports the conclusion that a provision of the judgment is the product of an error by the clerk, that error is subject to correction pursuant to CPLR 5019. (See Kiker v Nassau County, 85 NY2d 879 [1995].) Indeed, there is no evidence whatsoever that the determination of "with prejudice" was considered or resolved by the court on the defendant's motion.