■ RASTISLAR CHMELOVSKY, Plaintiff, v COUNTRY CLUB HOMES, INC., Appellant, and SK HOME IMPROVEMENT, LLC, et al., Respondents. (And a Third-Party Action.) [976 NYS2d 508]—

In an action to recover damages for personal injuries, the defendant County Club Homes, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Nicolai, J.), dated March 26, 2012, as granted that branch of the motion of the defendants SK Home Improvement, LLC, SK Home Improvement, and Stanley Kedzior which was pursuant to CPLR 5019 (a) to resettle an order of the same court dated September 3, 2010, so as to, in effect, reinstate the plaintiff's third cause of action, asserted against the defendant Country Club Homes, Inc.

Ordered that the order dated March 26, 2012, is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants SK Home Improvement, LLC, SK Home Improvement, and Stanley Kedzior which was pursuant to CPLR 5019 (a) to resettle an order of the same court dated September 3, 2010, so as to, in effect, reinstate the plaintiff's third cause of action, asserted against the defendant Country Club Homes, Inc., is denied.

"CPLR 5019 (a) provides a court with the discretion to correct a technical defect or a ministerial error, and may not be employed as a vehicle to alter the substantive rights of a party" (*Mount Sinai Hosp. v Country Wide Ins. Co.*, 81 AD3d 700, 701 [2011]; *see Kiker v Nassau County*, 85 NY2d 879, 880-881

[1995]; *Herpe v Herpe*, 225 NY 323, 327 [1919]; *Greenstein v Greenstein*, 65 AD3d 607, 608 [2009]). Where a movant seeks to change an order or judgment in a substantive manner, rather than correcting a mere clerical error, CPLR 5019 (a) is not the proper procedural mechanism to be employed, and relief should be sought through a direct appeal or by motion to vacate pursuant to CPLR 5015 (a) (*see Johnson v Societe Generale S.A.*, 94 AD3d 663, 664 [2012]; *Mount Sinai Hosp. v Country Wide Ins. Co.*, 81 AD3d at 701).

Here, by their motion, the defendants SK Home Improvement, LLC, SK Home Improvement, and Stanley Kedzior (hereinafter collectively the movants) sought to, inter alia, in effect, reinstate the plaintiff's third cause of action, asserted against the defendant Country Club Homes, Inc. (hereinafter Country Club). Contrary to the Supreme Court's determination, the movants did not seek to correct a ministerial mistake, defect, or irregularity in the order dated September 3, 2010, but rather, sought to change that order with respect to a substantive matter (*see Mount Sinai Hosp. v Country Wide Ins. Co.*, 81 AD3d at 701; *Haggerty v Market Basket Enters., Inc.*, 8 AD3d 618, 619 [2004]; *see also Goldberger v Eisner*, 90 AD3d 835, 836 [2011]). Accordingly, the Supreme Court should have denied that branch of the movants' motion which was pursuant to CPLR 5019 (a) to resettle the order dated September 3, 2010, so as to, in effect, reinstate the plaintiff's third cause of action, asserted against Country Club.

Country Club's remaining contentions are without merit or need not be reached in light of our determination. Eng, P.J., Dickerson, Chambers and Hall, JJ., concur.