■ In the Matter of PULTE HOMES OF NEW YORK, LLC, Appellant, v PLANNING BOARD OF TOWN OF CARMEL, Respondent. [24 NYS3d 409]—

In a proceeding pursuant to CPLR article 78 to review so much of two determinations of the Planning Board of the Town of Carmel dated September 25, 2013, as, in effect, directed the petitioner to pay a recreation fee as a condition of site plan approvals for a senior citizen housing development, the petitioner appeals from an order of the Supreme Court, Putnam County (Grossman, J.), dated September 4, 2014, which denied its motion, in effect, pursuant to CPLR 5019 (a) to amend a judgment of the same court dated March 11, 2014, so as to provide that the petitioner is entitled to a refund of the recreation fee it paid to the Planning Board of the Town of Carmel.

Ordered that the order is affirmed, with costs.

The petitioner owns approximately 100 acres of real property located in the Town of Carmel. It submitted an application for site plan approvals of a multi-unit senior citizen residential development to the respondent, the Planning Board of the Town of Carmel (hereinafter the Planning Board). In two resolutions, both dated September 25, 2013, the Planning Board, among other things, directed the petitioner to pay a recreation fee as a condition of site plan approvals for the development. The petitioner, which paid the recreation fee under protest, commenced this proceeding pursuant to CPLR article 78, among other things, to review so much of the Planning Board's two determinations as directed the payment of the recreation fee as a condition of site plan approvals for the development. The petition, however, did not request a refund of the recreation fee. In a judgment dated March 11, 2014, the Supreme Court

granted that branch of the petition which was to annul so much of the determinations as directed the petitioner to pay the recreation fee as a condition of site plan approvals for the development. The Supreme Court, relying in part upon a prior decision and order of this Court regarding the subject development (*Matter of Pulte Homes of N.Y., LLC v Town of Carmel Planning Bd.*, 84 AD3d 819 [2011]), stated that the Planning Board had a responsibility to make specific findings in order to impose the recreation fee upon the petitioner.

The petitioner subsequently moved, in effect, pursuant to CPLR 5019 (a) to amend the judgment dated March 11, 2014, so as to provide that the petitioner was entitled to a refund of the recreation fee it paid to the Planning Board. In the order appealed from, the Supreme Court denied the motion.

Trial courts and appellate courts have discretion pursuant to CPLR 5019 (a) to correct mistakes, defects, or irregularities so as to modify an order or judgment (*see Kiker v Nassau County*, 85 NY2d 879, 881 [1995]). "Where a movant seeks to change an order or judgment in a substantive manner, rather than correcting a mere clerical error, CPLR 5019 (a) is not the proper procedural mechanism to be employed, and relief should be sought through a direct appeal or by motion to vacate pursuant to CPLR 5015 (a)" (*Chmelovsky v Country Club Homes, Inc.*, 111 AD3d 874, 875 [2013]; *see Johnson v Societe Generale S.A.*, 94 AD3d 663, 664 [2012]; *Goldberger v Eisner*, 90 AD3d 835, 836 [2011]; *Mount Sinai Hosp. v Country Wide Ins. Co.*, 81 AD3d 700, 701 [2011]).

Here, in seeking to amend the judgment so as to provide that it was entitled to a refund of the recreation fee it paid to the Planning Board, the petitioner was not seeking to correct a mere clerical error. Rather, the petitioner sought to change the judgment in a substantive manner. Notably, the petition did not specifically request a refund of the recreation fee that the petitioner paid to the Planning Board. Thus, CPLR 5019 (a) was not the proper procedural mechanism by which to seek such amendment of the judgment.

Accordingly, the Supreme Court properly denied the petitioner's motion, in effect, pursuant to CPLR 5019 (a) to amend the judgment so as to provide that the petitioner is entitled to a refund of the recreation fee it paid to the Planning Board. Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.