██ PHILOMENA CURLEY, Respondent, v CHARLES M. CURLEY, Appellant. [34 NYS3d 218]—

Mulvey, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered September 15, 2014 in Cortland County, which, among other things, granted plaintiff's cross motion for counsel fees and costs.

Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1979 and have no children together. In June 2009, the wife commenced an action seeking a judgment of divorce and related relief. A judgment of divorce was entered in June 2013 providing for the equitable distribution of the marital residence and certain other property. The husband appealed from that judgment and this Court reversed the portion thereof that awarded the wife counsel fees and remitted the matter to Supreme Court to order the equitable distribution of the wife's early retirement benefits and to establish a valuation date for the wife's TIAA-CREF account (125 AD3d 1227, 1231 [2015]).

While his appeal was pending, the husband moved, by way of an order to show cause, to restrain the distribution of funds held in escrow from the sale of the marital residence and to prevent the wife from withdrawing or transferring any funds from her TIAA-CREF account, contending that the wife willfully withdrew funds from that account during the third quarter of 2009. He also argued that the wife wrongfully withdrew funds from bank accounts in her name after commencement of the divorce action, and that Supreme Court improperly distributed the husband's individual retirement account in the judgment of divorce. The wife cross-moved for, among other things, sanctions on the ground that the husband's motion was frivolous. In September 2014, Supreme Court denied the husband's motion, declared the motion to be frivolous and granted the wife's cross motion for counsel fees and costs. The husband appeals, and we affirm.

Initially, we find that Supreme Court had ample basis to conclude that the husband's pursuit of the motion with regard

to the TIAA-CREF account was frivolous. The account records in the husband's possession prior to the filing of his motion clearly demonstrated that no funds had been removed by the wife, and, instead, confirmed that the amount claimed as a reduction was merely a transfer between funds in that account. His contention, on this appeal, that he did not acquire that knowledge until a few days prior to the motion's return date is belied by the record. "In ascertaining whether a party's conduct indeed was frivolous, we must consider 'the circumstances under which the conduct took place' and, further, whether such conduct was continued after 'its lack of [a] legal or factual basis' was or should have been apparent' " (*He v Realty USA*, 121 AD3d 1336, 1340 [2014], *lv dismissed and denied* 25 NY3d 1018 [2015], quoting 22 NYCRR 130-1.1 [c]). Here, the husband initiated and pursued the motion despite the absence of any factual basis.

Next, as Supreme Court properly held, the husband's arguments regarding the distribution of the nonmarital portion of his individual retirement account were more appropriately addressed through his direct appeal of the judgment of divorce (*see Chmelovsky v Country Club Homes, Inc.*, 111 AD3d 874, 875 [2013]; *Johnson v Societe Generale S.A.*, 94 AD3d 663, 664 [2012]). Finally, as to the husband's allegation that the wife wrongfully withdrew funds from certain bank accounts after filing for divorce, we find that Supreme Court did not abuse its discretion in denying the husband's request to reopen the trial evidence in order to address this argument (*see Noga v Noga*, 235 AD2d 1002, 1002 [1997]).

McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur. Ordered that the order is affirmed, without costs.