Ortho Passive Motion, Inc., as Assignee of Charlotte Foreman, Respondent, 
against
Allstate Insurance Co., Appellant.




Law Office of Peter C. Merani, P.C. (Eric M. Wharburg, Esq.), for appellant.
Israel, Israel & Purdy, LLP (Ryan B Berry, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered July 6, 2015. The order, insofar as appealed from as limited by the brief, denied the branches of defendant's motion seeking to modify, pursuant to CPLR 5019 (a) and 5240, a judgment of the same court (Lisa S. Ottley, J.) entered March 3, 2014, following a nonjury trial.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
Following a nonjury trial in this action by a provider to recover assigned first-party no-fault benefits, the Civil Court (Lisa S. Ottley, J.) awarded plaintiff a judgment in the principal sum of $2,114.50. The court noted that the parties had stipulated that, among other things, defendant had timely denied the claims at issue. The judgment was entered on March 3, 2014. Eight months later, defendant moved, insofar as is relevant to this appeal, pursuant to CPLR 5019 (a) and 5240, to modify the judgment on the ground that the coverage limits of the insurance policy had been exhausted. Plaintiff opposed the motion. Defendant appeals from so much of an order of the Civil Court entered July 6, 2015 as denied defendant's motion.
In support of its motion, defendant argued that there are no funds available to pay the judgment because the $50,000 policy limit in basic personal injury protection had been exhausted. Assuming, arguendo, that such contention, if established, would entitle defendant to some form of postjudgment relief (see e.g. CPLR 5015 [a]), we find that, in any event, defendant's motion papers failed to establish an exhaustion of the coverage limits of the insurance policy at issue, as defendant failed to demonstrate that the policy had been exhausted at the time the claims at issue were deemed complete (see 11 NYCRR 65-3.15; Alleviation Med. Servs., P.C. v Allstate Ins. Co., 55 Misc 3d 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294 [2007]). Furthermore, [*2]as defendant has not argued, let alone demonstrated, that there was a technical defect or ministerial mistake in the judgment "not affecting a substantial right of a party" (CPLR 5019 [a]; see Herpe v Herpe, 225 NY 323 [1919]; Chmelovsky v Country Club Homes, Inc., 111 AD3d 874 [2013]; Mount Sinai Hosp. v Country Wide Ins. Co., 81 AD3d 700 [2011]), defendant has established no basis to disturb the judgment. 
Accordingly, the order, insofar as appealed from, is affirmed. 
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: June 02, 2017