Krimendahl v Hurley (2018 NY Slip Op 01908)





Krimendahl v Hurley


2018 NY Slip Op 01908


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-07208
 (Index No. 23167/13)

[*1]Elizabeth K. Krimendahl, etc., plaintiff, 
v
William C. Hurley, appellant, et al., defendant; MAPFRE Insurance Company, nonparty-respondent.


John H. Mulvehill, Saint James, NY, for appellant.
Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY (Jonathan A. Dachs of counsel), for nonparty-respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated April 8, 2016. The order denied the motion of the defendant William C. Hurley to enforce so much of a prior order of that court dated June 26, 2015, as directed nonparty MAPFRE Insurance Company to pay for the legal services rendered by John H. Mulvehill in the defense of the defendant William C. Hurley in this action.
ORDERED that the order dated April 8, 2016, is affirmed, with costs.
In this personal injury action arising from a motor vehicle collision, the defendant William C. Hurley initially was represented by counsel provided by his liability insurance carrier, MAPFRE Insurance Company (hereinafter MAPFRE), at MAPFRE's expense. Hurley simultaneously retained the legal services of John H. Mulvehill to represent his personal interests with regard to potential excess claims against him. Hurley paid Mulvehill for these services from his own funds. In March 2015, Hurley moved to substitute Mulvehill as his attorney of record in the action, to direct that MAPFRE pay the reasonable value of all services rendered by Mulvehill, and for further discovery in the action. Significantly, although Hurley had already paid Mulvehill $12,650 for unspecified legal services performed in 2013 and 2014, Hurley did not seek reimbursement for those payments in his motion.
While the motion was pending, MAPFRE advised Mulvehill on April 29, 2015, that it would consent to the substitution of Mulvehill as attorney of record for Hurley "to take over his defense in the [personal injury] lawsuit." In the same correspondence, MAPFRE agreed to pay for Mulvehill's professional services in the defense of Hurley "from this point forward," at MAPFRE's standard compensation rate for outside counsel. Mulvehill agreed to these terms, and a stipulation substituting Mulvehill as attorney of record for Hurley was executed on April 30, 2015. In view of these developments, a reply affirmation of Mulvehill was submitted on behalf of Hurley on the motion. That affirmation acknowledged the executed stipulation of substitution and MAPFRE's agreement to pay for the services of Mulvehill as "the incoming attorney." Accordingly, the affirmation stated that "so much of this motion that requests an Order directing a substitution and a further Order directing [MAPFRE] to pay the reasonable value of all attorney services is withdrawn [*2]as no longer necessary."
Despite the foregoing withdrawal of these requests for relief, the Supreme Court issued an order dated June 26, 2015 (hereinafter the 2015 order), in which it granted those branches of the motion, directing the substitution of Mulvehill as attorney of record for Hurley and further directing MAPFRE "to pay the reasonable value of all legal services actually rendered by [Mulvehill] in the defense of [Hurley] in this matter."
Several months later, Hurley moved to enforce the 2015 order, claiming that under the terms of that order he was now entitled to reimbursement from MAPFRE of the $12,650 he had personally paid to Mulvehill for the unspecified legal services performed in 2013 and 2014. Hurley asserted that MAPFRE had refused to pay for any services rendered by Mulvehill prior to the execution of the stipulation of substitution on April 30, 2015, in alleged violation of the terms of the 2015 order. In an order dated April 8, 2016, the Supreme Court denied Hurley's motion, observing that the clear import of the 2015 order was that MAPFRE was to pay Mulvehill only for services rendered following his substitution as attorney of record for Hurley in this action. Hurley appeals, and we affirm.
Contrary to Hurley's contention, the 2015 order did not provide him with a right to reimbursement for payments he had already made to Mulvehill prior to Mulvehill's substitution as attorney of record in this action. Rather, the record fully supports the Supreme Court's conclusion that the 2015 order only required MAPFRE to pay for legal services rendered by Mulvehill after the substitution. Indeed, the 2015 order directed the substitution of Mulvehill and, in connection therewith, the payment of "the reasonable value of all legal services actually rendered by [him]." It did not address services for which Mulvehill previously had been compensated, nor did it make any provision for Hurley's reimbursement for those payments from MAPFRE, which was already paying the fees for Hurley's representation by different counsel. Accordingly, the court's interpretation of MAPFRE's obligations under the 2015 order is supported by the clear language of that order. Furthermore, this interpretation comports with the parties' positions on the substitution motion. The reimbursement of Hurley was never an issue on that motion, since no request for such relief was made therein. Additionally, Hurley withdrew his request that MAPFRE be directed to pay for Mulvehill's services once MAPFRE agreed, on April 29, 2015, to pay for those services "from this point forward," thus clearly demonstrating that all parties understood that payment only for prospective legal services was being sought by Hurley and agreed to by MAPFRE.
Given all of the foregoing circumstances, Hurley's contention that the Supreme Court effectively amended the 2015 order and thereby prejudiced his substantive right to reimbursement is without merit (cf. Chmelovsky v Country Club Homes, Inc., 111 AD3d 874; Mount Sinai Hosp. v Country Wide Ins. Co., 81 AD3d 700; Solomon v City of New York, 127 AD2d 827). Rather, the court properly explained the meaning of the 2015 order in accordance with its clear terms (see generally Board of Mgrs. of Sea Breeze II Condominium v Kwiecinski, 72 AD3d 630; Baharestani v Baharestani, 43 AD3d 1093).
Hurley's additional contention is not properly before this Court, since it is raised for the first time in his reply brief (see Battlefield Freedom Wash, LLC v Song Yan Zhuo, 148 AD3d 969, 972; US Bank N.A. v Sarmiento, 121 AD3d 187, 208).
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court