17-3747-cv
*Pulte Homes v. Town of Carmel*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand eighteen.

PRESENT:  JON O. NEWMAN,
                JOSÉ A. CABRANES,
                SUSAN L. CARNEY,
                            *Circuit Judges.*

---

PULTE HOMES OF NEW YORK LLC,

            *Plaintiff-Appellant,*

            v.                                                                      17-3747-cv

TOWN OF CARMEL, TOWN OF CARMEL PLANNING
BOARD,

            *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**     MICHAEL V. CARUSO, William A. Shilling, Jr.,
P.C., Carmel, N.Y.

**FOR DEFENDANTS-APPELLEES:**     MAURIZIO SAVOIARADO III (Richard P.
Epstein, *on the brief*), Miranda Sambursky Slone
Sklarin Verveniotis LLP, Mineola, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 27, 2017 judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Pulte Homes of New York, LLC ("plaintiff" or "Pulte") appeals from a final order granting defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff brought suit pursuant to 42 U.S.C. § 1983 against the Town of Carmel and the Town of Carmel Planning Board (collectively, "the Town" or "defendants"), alleging that defendants violated its constitutional rights to equal protection and procedural and substantive due process when the Town assessed $749,000 in fees on plaintiff with respect to plaintiff's effort to build multiple new housing developments in the Town of Carmel. The District Court dismissed all of plaintiff's § 1983 claims as time-barred, and implicitly exercised supplemental jurisdiction over plaintiff's state law claim for a declaratory judgment and denied the claim by dismissing the Amended Complaint in its entirety. *Pulte Homes of N.Y., LLC v. Town of* Carmel, 16 CV 8093 (VB) 2017 WL 4877427 at *3 (S.D.N.Y. October 27, 2017). We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

## BACKGROUND

Pulte owns approximately 100 acres of land in the Town of Carmel. On February 3, 2006, the Town Planning Board approved Pulte's request to use the land for development of residential units. The Town subsequently required that Pulte pay a $3,500 per unit "recreation fee," amounting to $749,000 total, in exchange for approval to develop the land. Pulte paid two separate sets of recreation fees: one on October 28, 2008 ("the 2008 fees"), and the other on October 18, 2013 ("the 2013 fees"). Pulte paid the 2008 fees after being informed by the Town that, pursuant to a local law enacted on May 18, 2006, Pulte would have to pay the recreation fees in order to begin construction.

2

Pulte does not make clear in its Amended Complaint precisely when it became aware that the 2006 law subjected it to these fees. The Town Planning Board subsequently passed three resolutions on November 12, 2008, in which it adopted Pulte's site plan amendments contingent on payment of the recreation fees. The fees had been paid approximately two weeks earlier, on October 28, 2008. Pulte paid the 2013 fees after the Town Planning Board passed two similar resolutions on September 27, 2013, in which it approved amendments to Pulte's construction plans, also contingent on the payment of the recreation fees.

Pulte's challenge to the recreation fees forms the basis of its lawsuit, in which it seeks to recover the fees it paid to the Town in 2008 and 2013. Pulte's principal claim on appeal is that the District Court improperly dismissed all federal claims as time-barred. We disagree.

## DISCUSSION

The statute of limitations applicable to § 1983 claims in New York is three years. *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (internal quotation omitted). "Under federal law, a cause of action generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003) (internal quotation marks omitted).

Pulte argues that all of its claims remain timely by virtue of the continuing violation doctrine. We reject this argument, as the continuing violation doctrine plainly does not apply to the Town's assessment of a one-time construction fee. "[A] continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

In the alternative, Pulte argues that its claims accrued in March of 2014, when the Town refused to return to Pulte the 2008 and 2013 fees. The Town argues that the claims accrued earlier, when Pulte had reason to know that it would be subject to the fees if it wanted to begin construction on its land. The Town thus contends that, at the latest, Pulte became aware that it would be subject to the 2008 fees on October 28, 2008, when it paid the first set of fees, and it became aware that it would be subject to the 2013 fees on September 27, 2013, when the Town passed resolutions subjecting Pulte to the 2013 fees.

3

We reject Pulte's argument that its claims with respect to both the 2008 and 2013 fees accrued in March of 2014, when the Town refused to return the recreation fees. Pulte first paid the 2008 fees it now alleges to be unconstitutional more than 5 years prior to the Town's refusal to return the fees. It clearly challenged the fees as unconstitutional prior to March of 2014, when it argued as much in its Article 78 Petition. It does not matter whether Pulte's 2008 fees claim accrued when it paid the fees or at an earlier time when it first learned it would be subject to them. Either way, this claim is time-barred. Because Pulte does not sufficiently allege a continuing violation, it would have had to file suit within three years of October 28, 2008, at the latest. It did not file suit until October 17, 2016. The District Court thus properly dismissed Pulte's claims relating to the 2008 fees.

We also reject Pulte's argument with respect to the 2013 fees. At a minimum, Pulte knew that it would be subject to new recreation fees when the Town passed its September 27, 2013 resolutions. Although it did not pay the 2013 fees until October 18th of that year, "[t]he proper focus is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful." *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (emphasis in original). Under *Chardon*, plaintiff's claim accrued no later than September 27, 2013, when the Planning Board passed the resolutions and formally imposed the recreation fees on Pulte.

Pulte argues that it did not have reason to know that the fees would be imposed when the September 27, 2013 resolutions were passed. We disagree. Pulte clearly alleged in its complaint that in public hearings from May 2013 through September 2013, it actively objected to the imposition of further recreation fees because it knew that the Town would impose such fees as a condition on further construction. Am. Compl. Par. 33. Pulte also attended a September 25, 2013 hearing in which the Town preliminarily approved its site plans, specifically contingent upon Pulte's payment of the $3,500 per unit recreation fee. Its claim that it was not made aware of the imposition of the fees until well after the resolutions were passed, and that it was not actively involved in resisting otherwise imminent resolutions that mandated recreation fees, is thus without merit.

Finally, Pulte argues that the District Court erred in dismissing its state law claim seeking a declaratory judgment requiring the Town to refund Pulte's recreation fees. Pulte previously pursued this claim in state court and lost. *See Pulte Homes of N.Y., LLC v. Planning Bd. of Town of Carmel*, 136 A.D. 3d 643 (2d Dep't 2016). A United States district court is not the proper forum for an appeal from a state court decision. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Accordingly, the District Court properly dismissed this claim.

**CONCLUSION**

We have considered all of Pulte's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court