Betts v Tsitiridis (2019 NY Slip Op 02970)





Betts v Tsitiridis


2019 NY Slip Op 02970


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


100425/18 9037N 9036

[*1] Anna Betts, Plaintiff-Appellant,
v
Savas Tsitiridis, et al., Defendants-Respondents, 1617A, LLC, Defendant.


Finkelstein Law Group, PLLC, Syosset (Stuart Finkelstein of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf LLP, Brooklyn (Thomas Torto of counsel), for respondents.



Order, Supreme Court, New York County (Adam Silvera, J.), entered August 20, 2018, which sua sponte vacated an order, same court and Justice, entered July 11, 2018, granting plaintiff's motion for a default judgment as against defendants Savas Tsitiridis, Central Hacking Corp., Ionut Patroi, and United Taxi Management Group, Inc., unanimously reversed, on the law, without costs, and the order entered July 11, 2018 reinstated.
While an order entered sua sponte is not appealable as of right (Sholes v Meagher, 100 NY2d 333, 335 [2003]), given the lack of evidence of the timeliness of the service of the answer and given the motion court's failure to identify a legal basis for vacating the prior order, we deem the notice of appeal a motion for leave to appeal, and grant leave (see e.g. Ray v Chen, 148 AD3d 568 [1st Dept 2017]).
The court exceeded its authority in sua sponte vacating the prior order granting plaintiff's motion for a default judgment (see Kiker v Nassau County, 85 NY2d 879, 881 [1995]; Howell v City of New York, 165 AD3d 567 [1st Dept 2018]). In the absence of a motion or other request for relief from the order, the court's discretion to correct the order was limited to curing any mistake, defect or irregularity "not affecting a substantial right of a party" (CPLR 5019[a]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK