Shaheen v Shaheen (2023 NY Slip Op 00775)

Shaheen v Shaheen

2023 NY Slip Op 00775

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

953 CA 21-01277

[*1]SHEILA M. SHAHEEN, PLAINTIFF-RESPONDENT,
v
ELI H. SHAHEEN, DEFENDANT-APPELLANT. 

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered August 13, 2021. The order, among other things, denied the cross motion of defendant seeking "to amend and/or to reopen and amend" a judgment of divorce. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: The parties in this postjudgment matrimonial proceeding were divorced in 2000. Plaintiff moved in 2021 for the entry of a qualified domestic relations order (QDRO) relating to defendant's pension, and defendant cross-moved seeking "to amend and/or to reopen and amend" the judgment of divorce to include a provision securing his marital interest in plaintiff's pension. According to defendant, he and plaintiff had intended at the time of the divorce for plaintiff's pension to be equitably distributed, but the judgment of divorce was silent on that issue. As limited by his brief, defendant now appeals from an order insofar as it denied his cross motion.
As a preliminary matter, we note that, contrary to plaintiff's contention, defendant is not appealing from a QDRO, which would not be appealable as of right (see generally CPLR 5701 [a]; Andress v Andress, 97 AD3d 1151, 1152 [4th Dept 2012]), and the order on appeal insofar as it denied defendant's cross motion, which was made upon notice, is appealable as of right (see generally CPLR 5701 [a] [2]; Jordan v Premo, 70 AD3d 1466, 1466 [4th Dept 2010], lv denied 15 NY3d 707 [2010]).
We conclude that Supreme Court (Murad, J.) properly denied defendant's cross motion. "A court has the discretion to cure a mistake or defect in a judgment or an order that does not affect a substantial right of a party" (Page v Page, 39 AD3d 1204, 1205 [4th Dept 2007]; see CPLR 5019 [a]; Kiker v Nassau County, 85 NY2d 879, 881 [1995]). A court also has the inherent power to exercise control over its judgments "to relieve a party from judgments taken through [fraud], mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [1984] [internal quotation marks omitted]).
Here, the court (Murad, J.) denied defendant's cross motion on the basis that, in issuing the judgment of divorce in 2000, the court (Ringrose, A.J.) considered and ruled upon the issues that the parties stipulated to submit to it, and there was no reason to presume that any inadvertent omission occurred with respect to plaintiff's pension. Contrary to defendant's contention, the record on appeal does not reflect an unambiguous agreement of the parties to equitably distribute plaintiff's pension. Rather, the oral stipulation by the parties reflects that the decision to distribute plaintiff's pension was left to the sound discretion of the court. The mere fact that the court (Ringrose, A.J.) did not distribute plaintiff's pension in the judgment of divorce does not establish a mistake on the part of the court warranting amendment or reopening of the judgment [*2]of divorce (cf. Jordan, 70 AD3d at 1466).
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court