Metlife Home Loans v Levy (2024 NY Slip Op 04070)

Metlife Home Loans v Levy

2024 NY Slip Op 04070

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-03314
 (Index No. 17902/11)

[*1]Metlife Home Loans, etc., plaintiff, 
v
Golan Levy, et al., defendants; 1151 36, LLC, nonparty-respondent, U.S. Bank Trust N.A., etc., nonparty-appellant.

Day Pitney LLP, New York, NY (Christina A. Livorsi and Nathaniel T. N. Fleming of counsel), for nonparty-appellant.
Menashe & Associates, LLP, Montebello, NY (Chezki Menashe of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty U.S. Bank Trust, N.A., the plaintiff's successor in interest, appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated January 15, 2020. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 5019(a) to amend a prior order of the same court dated May 1, 2018.
ORDERED that the order dated January 15, 2020, is affirmed insofar as appealed from, with costs.
In 2011, the plaintiff commenced this action against the defendants Golan Levy and Simon Michaeli, among others, to foreclose a mortgage on a condominium unit located in Brooklyn. On May 15, 2012, Levy and Michaeli deeded the unit to nonparty 1151 36, LLC.
On or about December 9, 2015, the plaintiff moved, inter alia, for an order of reference. Levy opposed the plaintiff's motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. In an order dated May 1, 2018 (hereinafter the dismissal order), the Supreme Court denied the plaintiff's motion and granted Levy's cross-motion.
On or about August 8, 2019, the plaintiff moved pursuant to CPLR 5019(a) to amend the dismissal order so as to only direct dismissal of the complaint insofar as asserted against Levy. 1151 36, LLC, as Levy's and Michaeli's successor in interest, opposed the plaintiff's motion. In an order dated January 15, 2020, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff's successor in interest, nonparty U.S. Bank Trust, N.A., appeals.
"[A] substantive change to a prior order or judgment, which is at issue here, cannot be made under CPLR 5019(a), even with notice to the parties and an opportunity to be heard. Trial courts have no revisory or appellate authority to correct by amendments any errors of substance in prior orders or judgments" (Sokoloff v Schor, 176 AD3d 120, 132; see Herpe v Herpe, 225 NY 323, 326). "'Where a movant seeks to change an order or judgment in a substantive manner, rather than correcting a mere clerical error, CPLR 5019(a) is not the proper procedural mechanism to be [*2]employed, and relief should be sought through a direct appeal or by motion to vacate pursuant to CPLR 5015(a)"' (Sokoloff v Schor, 176 AD3d at 132-133, quoting Matter of Pulte Homes of N.Y., LLC v Planning Bd. of Town of Carmel, 136 AD3d 643, 644 [internal quotation marks omitted]; see Chmelovsky v Country Club Homes, Inc., 111 AD3d 874, 875). "Alternatively, a substantive correction to an order or judgment can be accomplished by a party's timely motion to reargue under CPLR 2221(d)" (Sokoloff v Schor, 176 AD3d at 133).
Here, the Supreme Court correctly determined that CPLR 5019 was not the proper procedural mechanism to amend the dismissal order so as, in effect, to reinstate the complaint insofar as asserted against all of the defendants other than Levy (see Sokoloff v Schor, 176 AD3d at 133; Matter of Pulte Homes of N.Y., LLC v Planning Bd. of Town of Carmel, 136 AD3d at 644).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court